OZIAS VINCENT *vs*. NORTON AND TAUNTON STREET RAILWAY COMPANY.

JOSEPH VINCENT *vs*. SAME.

Bristol.   October 28, 1901. — November 25, 1901.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Negligence*, In driving.   *Street Railway.*

One driving a covered baker's wagon, the rear of which is closed with drawers and boxes, upon the tracks of a street railway in a public street does his duty in relation to a car coming up behind him by getting off the track when he knows of its approach.

For a street car to run into a wagon from behind, without special circumstances to justify it, is evidence of negligence or wilful wrong on the part of the street railway company.

The provision of St. 1898, c. 578, § 11, as to giving notice of the time, place and cause of the "injury suffered by any person in the management and use" of a street railway company's tracks, has no application to an action at common law by one thrown from a wagon driven on the tracks of a street railway company and run into from behind by one of the company's cars.

TWO ACTIONS OF TORT, one by Ozias, a minor son of Joseph Vincent, for personal injuries by being thrown from a baker's wagon of his father, which was struck from behind by a car of the defendant, and the other by Joseph for damages to his horse and wagon. Writs dated January 19, 1899.

At the trial in the Superior Court, before *Sherman*, J., at the close of the evidence, the defendant asked the judge to rule, that there was no evidence upon which the plaintiff in either case was entitled to a verdict; that there was no evidence of due

care on the part of the plaintiff; that there was no evidence of any written notice of the time, place and cause of the accident given to the defendant; and that the verdict should be for the defendant. The judge refused to give any of these rulings.

The jury returned verdicts for the plaintiff in the first case for $725 and for the plaintiff in the second case for $35; and the defendant alleged exceptions.

*F. S. Hall,* for the defendant.

*M. Druce,* for the plaintiffs.

HOLMES, C. J. These are actions for running down a wagon and throwing out and injuring one of the persons who were riding in it. The cases are here on exceptions to a refusal to take the cases from the jury. It is suggested that there was no evidence that the place where the accident happened was a public way. This suggestion plainly is a mere afterthought, and discredits the defendant's whole case. We assume that tracks might be laid over private land belonging to the company so that it would be a trespass for others to drive upon them, *Farnum* v. *Haverhill & Andover Street Railway,* 178 Mass. 300, but of course such a case is very unusual, and in the absence of special evidence a jury would be warranted in presuming and finding that street railway tracks were laid in a public street. In this case the place was called Tremont Street in the city of Taunton, and it is spoken of as a highway in the bill of exceptions.

The wagon was a covered baker's wagon, and the rear of it was closed with drawers and boxes. It was not negligence to drive such a wagon in the public streets, even those containing street railway tracks. It was not negligent or unlawful to drive upon the tracks. The fact that the horse was walking makes the plaintiff's case no worse. As against a car coming up behind him the driver would have done his duty by getting off the track when he knew of its approach. *Commonwealth* v. *Temple,* 14 Gray, 69, 78. But the driver did not know of it. If the bell was rung those in the wagon testified that they did not hear it. They were not bound to keep an impossible watch upon the rear. See *Benjamin* v. *Holyoke Street Railway,* 160 Mass. 3, 4. The defendant could not run them down from behind under any ordinary circumstances without negligence or wilful wrong, and this they may be supposed to have known. There were no

special circumstances in this case. The wagon was plainly visible in front of the car. There was sufficient evidence of the defendant's negligence and of the plaintiff's due care. See *Tashjian* v. *Worcester Consolidated Street ·Railway*, 177 Mass. 75, 81; *Le Blanc* v. *Lowell, Lawrence, & Haverhill Street Railway*, 170 Mass. 564; *White* v. *Worcester Consolidated Street Railway*, 167 Mass. 43.

This case is not one of "injury suffered by any person in the management and use of its [the railway's] tracks" within St. 1898, c. 578, § 11. The action is not brought under that section but at common law, and no notice to the company of the injury was necessary.

*Exceptions overruled.*