MATTHEW DOOLEY, administrator, vs. GREENFIELD AND
TURNERS FALLS STREET RAILWAY COMPANY.

Franklin.     September 15, 1903. — October 20, 1903.

Present: KNOWLTON, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Negligence.*

In an action against a street railway company for the death of the plaintiff's intes-
tate, alleged to have been caused by being run into from behind by a car of the
defendant on a highway, it appeared, that the plaintiff's intestate was run over
on a cloudy night, when a strong wind was blowing, in the direction opposite to
that in which the car was moving, and was making a great noise in the trees,
and it was assumed by the court for the purpose of decision, that it might have
been found that, when the car was approaching the plaintiff's intestate from
behind and was only twenty or thirty feet distant, the intestate was walking
between the rails of the defendant's track to avoid a wagon approaching
him in front. *Held*, that, on this assumption, there was no evidence of due
care on the part of the plaintiff's intestate which would justify the submis-
sion of the case to the jury.

TORT for the death of the plaintiff's intestate from being run
into by a car of the defendant in the southerly part of Green-
field, known as Cheapside, upon the highway leading from Green-
field to Deerfield.     Writ dated October 10, 1900.

In the Superior Court the case was tried before *Holmes,* J.,
who ruled that upon all the evidence the plaintiff was not en-
titled to recover and ordered a verdict for the defendant.     The
plaintiff alleged exceptions.

*A. L. Green,* (*B. H. Winn* with him,) for the plaintiff.

*D. Malone,* for the defendant.

BARKER, J.     The plaintiff's intestate was run over and
dragged along the ground for some distance by one of the de-
fendant's street cars on September 12, 1900, and was dead when
picked up.     The action was for negligently causing his death.
The motorman of the car and three passengers testified that the
deceased was lying on the track between the rails when first
seen by them and that he lay motionless until struck and dragged
by the car, almost instantly after he first became visible to
them, and there was no evidence to contradict this testimony.

The evidence which the plaintiff contends should have been submitted to the jury upon the question whether the deceased came to his death while in the exercise of due care was that of four persons who testified that they were riding upon the highway in wagons drawn by horses, and of one person who was riding a bicycle, all going in the direction opposite to that of the deceased and of the street car, and that shortly before the accident they met the deceased walking in the highway in the opposite direction to that in which these witnesses were going.   This evidence, if believed, would justify an inference that when seen by these witnesses the deceased was walking along the highway towards his home.   Three of these witnesses testified that they were in one wagon, and this wagon was the earlier of the two to meet the deceased.   The bicyclist was alone and met the deceased after the meeting between him and the first wagon.   The other of these witnesses testified that he was alone in a wagon which rattled and made much noise and that he was driving at the rate of eight or nine miles an hour.

The highway was fifty-five feet wide, with the car track within its limits and south of its centre line.   North of the centre line was a macadam driveway twenty-six feet wide.   At the place where the deceased was struck a pathway made smooth by the use of foot travellers and bicyclists ran along between the rails of the car track.   According to the testimony of the witnesses who testified that they were in the first wagon the deceased when seen by them was walking next to the inside rail of a curve and on the outside of the rail next the highway.   The bicyclist testified that the deceased was walking outside of the rails when he first saw him and that the deceased stepped between the rails to get out of the way of the bicycle.   The witness who testified that he was riding in the second wagon testified that the deceased was walking between the rails.   The night was cloudy with a strong wind which blew in the direction opposite to that in which the car was moving, and which made a great noise in the trees.

Neither of the witnesses who testified to meeting the deceased walking saw anything of the accident or knew until the next day that an accident happened.   The plaintiff admits that when the deceased was met by the first wagon the car was more than

half a mile away, and that it was not in sight when the deceased was met by the bicyclist. The witness who testified that he rode in the second wagon testified that when he passed the deceased the car was from twenty to thirty feet away from the deceased, and that the witness did not see the car stop and did not stop himself, and that the deceased was walking along looking ahead and did not turn his head either way to right or left. He also testified that he said nothing to the deceased and did not warn him that the car was coming or say anything to him whatever; that he did not stop to see if any accident happened because he did not think there would be any; that he supposed the deceased would get off the track.

Unless it was competent for the jury to find from the evidence that the deceased did for his own safety what ordinarily careful persons are accustomed to do under like circumstances the verdict for the defendant was ordered rightly, because of the plaintiff's failure to show that his intestate was in the exercise of due care.

Assuming that the jury might find, against the testimony of the four witnesses who swore that they saw the deceased lying on the track between the rails, that he was walking between the rails to avoid a wagon approaching him in front, and that when the wagon passed him the car was approaching him from behind and was only twenty or thirty feet distant, under such circumstances an ordinarily careful person would step off the track and out of the way of the car, as the witness who testified that he saw the deceased in such circumstances testified that he expected him to do.

There was no testimony that the deceased was so walking when struck by the car, and even if it could be so inferred, no reason consistent with his due care for his continuance upon the track could be drawn except by conjecture. In our opinion there was no sufficient evidence to justify the submission of the case to a jury. See *Hillyer* v. *Dickinson*, 154 Mass. 502; *Brooks* v. *Old Colony Railroad*, 168 Mass. 164.

*Exceptions overruled.*