JOHN E. SEXTON *vs.* WEST ROXBURY AND ROSLINDALE
STREET RAILWAY COMPANY.

Suffolk.   January 20, 1905. — May 18, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, LORING, & BRALEY, JJ.

*Negligence.   Street Railway.*

One driving an empty coal cart on a narrow dark road after daylight may be found
to be in the exercise of due care in driving with one wheel between the rails of
a single street railway track at the extreme right hand side of the road to avoid
teams coming from the opposite direction although while doing so his cart is
struck from behind by an electric car.

A street railway company may be found to be negligent in running an electric car
down a slight grade on a track at the extreme right hand side of a narrow dark
road after daylight so as to run down from behind an empty coal cart driven
partly on its track.

TORT for injuries alleged to have been caused by the negli-
gence of the defendant's servants in running an electric car of
the defendant against a coal cart driven by the plaintiff on
Oakland Street in that part of Boston called Dorchester on
October 12, 1899.   Writ dated November 22, 1899.

At the trial in the Superior Court *Pierce,* J. at the close of
the plaintiff's evidence ordered a verdict for the defendant; and
the plaintiff alleged exceptions.

*J. M. Maloney,* for the plaintiff.

*D. E. Hall, (H. F. Hurlburt* with him,) for the defendant.

LORING, J.   We are of opinion that the exceptions in this
case must be sustained.

The plaintiff testified that he was run into from behind by an
electric car of the defendant, as he was driving home on a dark
road, at 7.30 P. M. on October 12.   The defendant had a single
track on the right hand side of the road facing east, the direc-
tion in which the plaintiff was driving.   To the right of the
track there was no roadway.   To the left of it the road was
wrought for travel for twelve or fifteen feet.   The plaintiff had
been hauling coal, and was driving his coal cart home empty.
He testified as follows: " You could not see over the wagon to
look backwards, unless you stood on your feet on the platform."

He had turned on to the track about three hundred feet east of the place of the collision, and after turning on to it he had driven with his off wheel between the rails of the track and his nigh wheel in the road to the north of the track. The road had a slight down grade. There were woods on both sides of the road. The road was dark; there were kerosene street lamps, but the street was not well lighted; "it was very dark, so that you could not see more than eight or ten feet ahead of you." The plaintiff further testified that he heard no gong or signal; he did hear a buzzing on the wire, and just as soon as he could he tried to turn to the left. The car struck the right hand wheel, and he was thrown into the woods on the right.

*Vincent* v. *Norton & Taunton Street Railway*, 180 Mass. 104, is a decision requiring the case at bar to be left to the jury unless it make a difference that the accident in that case occurred in daylight. We are of opinion that it does not. It might be thought to be proper for the plaintiff to keep as far to the right as he did in this narrow, dark road, to avoid teams which might come from the opposite direction. It might be found to be negligent for the defendant to run its car down grade through this narrow, dark road, where a person in an ordinary wagon could not see more than eight or ten feet ahead, so as to run down a cart driven partly on its track. With an ordinary headlight and ordinary care on the part of the motorman, such an accident would be avoided in the absence of special circumstances.

*Exceptions sustained.*