JAMES A. KERR *vs.* BOSTON ELEVATED RAILWAY
COMPANY.

Suffolk.    March 21, 1905. — June 21, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, & BRALEY, JJ.

*Negligence,* On highway.

In an action against a street railway company for personal injuries, there was
evidence, that the plaintiff was riding on a bicycle so near the track of the
railway that a car going in the same direction could not pass him without strik-
ing him unless he turned to the right, that his reason for riding there was that
the portion of the street at his right had been muddy and "hadn't got smoothed
down," that his handle bars were low and the plaintiff "was bent over pretty
well and going straight ahead, and not turning in either direction," that a car
struck him from behind and threw him off his wheel into the street, that as the
car approached no gong was sounded, that the "car did not stop but went right
on," that the plaintiff had reason to believe that he could be seen by a motorman
at a distance of at least two hundred feet, and that when the plaintiff heard the
noise of the approaching car it was going so fast that there was not time for him
to get out of the way.  *Held,* that the questions of the due care of the plaintiff
and the negligence of the defendant were for the jury.

TORT for personal injuries from being run into from behind
by an electric car of the defendant as the plaintiff was riding a
bicycle on Broadway near Lynde Street in Everett on the even-
ing of October 19, 1901.   Writ dated November 15, 1901.

In the Superior Court *Holmes,* J. ordered a verdict for the
defendant on the ground that there was not sufficient evidence
of due care on the part of the plaintiff.   The plaintiff alleged
exceptions.

*W. R. Bigelow,* for the plaintiff.

*J. F. Sweeney,* (*A. A. Capotosto* with him,) for the defendant.

HAMMOND, J.   The plaintiff, an experienced bicyclist, while
riding in a public macadamized street in which were double
tracks of the defendant, came into collision with one of the
defendant's cars going in the same direction.   The accident
occurred about 8 P. M. on October 19, 1901.   The plaintiff for
some minutes before had been riding so near to the outer rail of
the track as to be in the way of any car passing upon that track,
and he so continued up to the time of the accident.   The dis-

tance from this outer rail to the curbstone was about fifteen feet, and on cross-examination the plaintiff testified that there was "no particular necessity for hugging the railroad tracks so closely with his machine," but in explaining his reason for being there said that the rest of the street had been muddy and "hadn't got smoothed down." There was the usual conflict of testimony as to the cause of the collision.

The defendant's theory was that at the time of the accident the plaintiff was somewhat under the influence of intoxicating liquor; that he was racing with the car; that the fork of the bicycle, which had been broken before and repaired, gave way, with the result that the plaintiff was thrown against the side of the car; and there was testimony justifying the conclusion that this was the correct theory.

The plaintiff's theory was entirely different. He testified that while he was going along the street "the first thing that attracted his attention he heard a noise, and the next thing he knew he was struck. He did not hear any bell. It was such a noise as is made by the wheels of a car. He was riding a wheel with low handle bars and was bent over pretty well and going straight ahead . . . and not turning in either direction. After he heard the noise he was struck on the left hip and side and thrown unconscious in the road." Upon cross-examination, "He could not say positively whether or not any cars had passed him from the time when he crossed the bridge until he was struck; he imagined there was. . . . He was not racing with the car. . . . He did not have time to get out of the way. His wheel was within a foot or a little over from the outer rail. . . . He had a clear road ahead of him." "He did not at any time ride alongside of the car which struck him. " One witness called by the plaintiff testified that she saw the car "come up behind the plaintiff and strike him and throw him off his wheel into the street," that "the bell of the car was not rung," and that the "car did not stop but went right on towards Everett."

Of course if the theory of the defendant is correct the plaintiff has no case. But if the evidence presented by the plaintiff is to be believed we do not see why it would not justify a verdict in his favor. Both he and the car were travellers upon the street, with equal rights as such, except as modified by the fact

that the car could not leave the rail, and consequently that the plaintiff must not unreasonably interfere with its progress. *Commonwealth* v. *Temple*, 14 Gray, 69. The plaintiff had the right to travel upon any part of the highway, and could choose the path he took if he pleased. But the care required of him varied with the danger. If that path subjected him to a liability to be hit by a passing car he was bound to use reasonable care to avert such a collision. But he had the right to expect corresponding care on the part of the motorman. Upon his evidence a jury might have found that he had reason to believe that he could be seen by the motorman at a distance of at least two hundred feet; that it was reasonable that he should expect the gong to strike to let him know that a car in the rear desired to pass him, and that in other ways he might hear the car coming up in time to get out of the way. The evidence warranted a finding that the gong was not sounded; that the only warning given to the plaintiff was the noise of the car; and that the car was going so fast that when that warning reached him there was not time for him to get out of the way. It cannot be said as matter of law that the plaintiff in such a place should ride with his face constantly over his shoulder. In view of all the circumstances we are of opinion that the questions of the due care of the plaintiff and of the negligence of the defendant were for the jury. The principles involved in this case are somewhat discussed in *Le Blanc* v. *Lowell, Lawrence, & Haverhill Street Railway*, 170 Mass. 564; *Vincent* v. *Norton & Taunton Street Railway*, 180 Mass. 104; *Tashjian* v. *Worcester Consolidated Street Railway*, 177 Mass. 75; *Sullivan* v. *Boston Elevated Railway*, 185 Mass. 602.

*Exceptions sustained.*