BRIDGET GORHAM, administratrix, *vs.* MILFORD, ATTLEBOR-
OUGH AND WOONSOCKET STREET RAILWAY COMPANY.

Worcester.   October 2, 1905. — October 18, 1905.

Present: KNOWLTON, C. J., LATHROP, HAMMOND, LORING, & BRALEY, JJ.

*Negligence.   Street Railway.*

In an action against a street railway company under R. L. c. 111, § 267, for run-
ning down and killing the plaintiff's intestate while he was walking along a road
in the evening, it appeared, that the intestate was familiar with the road and
knew that electric cars ran on it, that the track was on the right hand side of
the road, as the intestate was facing, and there was no sidewalk or regular path,
the wrought portion of the road being at the left of the track, that the evening
was dark and the car carried a headlight and other lights, said by some wit-
nesses to be dim, that the intestate had had three drinks of beer that evening
and was perfectly sober, that the witness who last saw him before the accident
met him in the road and had a short conversation with him and left him walk-
ing at the left of the track about two feet from it, that the coming car was
"plain to be heard", that the witness afterwards walked on in the opposite
direction for about one hundred and fifty feet and there met the car going at the
rate of twelve or fifteen miles an hour.   *Held,* that on this evidence, all of which
was introduced by the plaintiff, there was nothing to show that the plaintiff's
intestate was in the exercise of due care at the time the car overtook him and
ran him down.

TORT, against a street railway company, under R. L. c. 111,
§ 267, for running down and killing the plaintiff's intestate on a
road in Hopedale on the evening of July 15, 1904, by reason of
the alleged negligence of the defendant in the operation of its
road or the gross negligence of its servants and agents.   Writ
dated September 16, 1904.

At the trial in the Superior Court *Pierce,* J. at the close of the
plaintiff's evidence ordered a verdict for the defendant; and the
plaintiff alleged exceptions.

*J. B. Ratigan, (J. E. Swift* with him,) for the plaintiff.

*J. C. F. Wheelock, (W. Williams* with him,) for the defendant.

KNOWLTON, C. J.   The plaintiff's intestate, while walking
along a road in the evening, was run over and killed by one of
the defendant's electric cars.   We will assume, in favor of the
plaintiff, that there was evidence from which the jury might
have found that the motorman was grossly negligent just before

the accident, in being engaged in conversation with a passenger who sat near him on the front seat. The question before us is whether there was any evidence that the plaintiff's intestate was in the exercise of due care.

He was familiar with the road on which the car was running, and he knew of the existence of the track and the use of it by electric cars. There was no sidewalk and no regular path on the road. The track was on the right hand side of the road, as the plaintiff's intestate was facing, and the wrought portion, where pedestrians and ordinary vehicles were accustomed to pass, was on the left. The evening was dark, and the car carried a headlight and other lights, which were said by some of the witnesses to be dim. When last seen, a short time before the accident, the plaintiff's intestate was walking at the left of the track, about two feet from it. Although, according to the testimony, he had had three drinks of beer that evening, witnesses who saw him testified that he was perfectly sober. The last witness who saw him before he was struck was called by the plaintiff, and testified that he met him in the road and had a short conversation with him, and then passed on, leaving him walking in the opposite direction, about two feet from the track. He also testified that the coming car was "plain to be heard" at that time, and that he afterwards walked on about one hundred and fifty feet from the place where he met the deceased, and there met the car, going at the rate of twelve or fifteen miles an hour in the same direction as the deceased. In regard to the conduct of the plaintiff's intestate after he parted from this witness we have no evidence. There is nothing to show that he was in the exercise of due care. If he was reasonably attentive to what was going on, and thoughtful of the dangers of the situation, it would seem that he easily could have kept out of the way of the car. We should expect him to hear and see the approaching car. There was plenty of room for him to stand or walk in safety. If he was walking in the same line where the witness last saw him, a step to the left would have put him out of danger.

The burden was upon the plaintiff to prove that her intestate was in the exercise of due care, and the judge rightly ruled that this burden was not sustained. *Cox* v. *South Shore & Boston*

*Street Railway*, 182 Mass. 497.   *Dooley* v. *Greenfield & Turners Falls Street Railway*, 184 Mass. 204.   *Mathes* v. *Lowell, Lawrence & Haverhill Street Railway*, 177 Mass. 416, 420.   *Gleason* v. *Worcester Consolidated Street Railway*, 184 Mass. 290.   *Itzkowitz* v. *Boston Elevated Railway*, 186 Mass. 142.

*Exceptions overruled.*