CHARLES J. LOGAN *vs.* OLD COLONY STREET RAILWAY
COMPANY.

FERGUS J. WHITE *vs.* SAME.

Suffolk.  November 15, 1905. — January 3, 1906.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Negligence.  Street Railway.*

In actions against a street railway company respectively by the driver and the owner of a team, for personal injuries and injuries to the horses and wagon, it appeared that the wagon was a heavy two horse caravan fifteen or sixteen feet long and about seven feet wide, and was loaded with twelve piles from twenty-five to thirty feet long extending beyond the horses' heads and about twelve feet from the ground at the forward end, that the plaintiff in the first case was driving this team along a level and straight road at about half past seven o'clock in the evening of a day in October, when it was run into from behind by an electric car of the defendant which had not rung a gong for several hundred feet, and which struck the left hind wheel of the wagon with such force as to bend the axle and drive the wheel up against the body of the wagon and shove the wagon along about twelve feet, making gouges in the road. *Held,* that there was evidence for the jury of due care on the part of the driver and of negligence on the part of the motorman.

MORTON, J.   These two actions of tort were tried together. That by Logan is for personal injuries.   That by White for injuries to the horses, harnesses and wagon.   The accident occurred on Coddington Street in Quincy, about a mile from the city, at about half past seven in the evening of October 3, 1902, and was caused by the team belonging to the plaintiff White which Logan was driving being run into from behind by a car of the defendant company.   The usual questions of due care on the part of the plaintiff and of negligence on the part of the defendant are presented.   There was a verdict for the plaintiff in each case, and the cases are here on exceptions by the defendant to the refusal of the judge to rule as requested, in substance, that neither of the plaintiffs was entitled to recover, that there was no evidence of due care on the part of Logan, and no evidence of negligence on the part of the motorman, and to such portions of the charge as were inconsistent with these requests.

It would serve no useful purpose to attempt to review and analyze all of the testimony, and we content ourselves with a brief summary and with saying that we think that there was evidence for the jury on both questions. It was for the jury, taking all the circumstances into account, the kind of night, whether cloudy and misty or not, the manner in which Logan was driving, his knowledge or want of knowledge of the road and of the running of the cars, the extent to which he had a right to rely upon the signals of the motorman, his own condition from the want of sleep, and such other matters as they deemed bore upon the issue, to say whether Logan was or was not in the exercise of due care. It could not be ruled as matter of law that he was not, or that it was negligence on his part for him to allow his team to be so near the track that a car going in the same direction would collide with it. *Vincent* v. *Norton & Taunton Street Railway*, 180 Mass. 104.

There was evidence tending to show that the wagon was loaded with twelve piles, each from twenty-five to thirty feet long, and that the car struck the left hind wheel of the wagon with such force as to bend the axle and drive the wheel up against the body of the wagon and shove the wagon along about twelve feet, making gouges in the road; that the wagon was a heavy two horse caravan fifteen or sixteen feet long and about seven feet wide, and that the load was about twelve feet from the ground at the forward end of the piles which extended over the horses' heads; that the place of the accident was level and the road straight in the direction from which the car came for several hundred feet; and that no gong was rung after passing Newcomb Street which was several hundred feet away till just as the collision occurred. There was on the other hand testimony tending to show that the car was going at a much less rate of speed than the force of its impact with the wagon would seem to indicate, that the night was dark so that objects could only be seen at a comparatively short distance, and that the motorman did all that he could to avoid a collision as soon as he saw the wagon.

Whatever the weight of the evidence may have been, it was for the jury to say, we think, taking all the circumstances into account whether there was or was not negligence on the part

of the motorman.    We see no error in the manner in which the court dealt with the case.

*Exceptions overruled.*

*D. E. Hall*, for the defendant.

*J. E. Young & J. W. Hathaway*, for the plaintiffs, were not called upon.