ALMA CHAPUT, administratrix, *vs.* HAVERHILL, GEORGE-
TOWN AND DANVERS STREET RAILWAY COMPANY.

Essex.    December 10, 1906. — February 27, 1907.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Evidence,* Declarations of deceased persons.    *Negligence.    Street Railway.*

At the trial of an action at common law by an administratrix against a street railway company to recover for personal injuries of the plaintiff's intestate resulting in his death caused by the alleged negligence of the defendant's servants, the declarations of the intestate describing the accident are admissible under R. L. c. 175, § 66, although the defendant thus is deprived of the advantage of a cross-examination by which to test the accuracy of the statements or to obtain admissions in support of its own theory of the accident.

It is not negligence as matter of law to drive a large team on a dark night along the tracks of a street railway down a steep grade of a highway.    One so driving has a right to assume that the motorman of a car approaching from behind will remember and recognize the use of the street by travellers and will exercise reasonable care to avoid running them down.

In an action at common law by an administrator against a street railway company to recover for personal injuries of the plaintiff's intestate resulting in his death caused by the alleged negligence of the defendant's servants, if there is evidence that the plaintiff's intestate, at about eleven o'clock on a dark but pleasant night, was driving an ordinary large job wagon along the track of the defend-

ant's railway upon a public way, that he was seated upon the floor of the wagon with the reins in his hands, that he looked back, and, neither seeing an approaching car nor hearing any gong, kept on, when without any warning a car of the defendant ran into the back of his wagon, throwing him out and causing the injuries sued for, the question of the due care of the plaintiff's intestate is for the jury, and it is for them to say whether, after looking back and neither seeing nor hearing an approaching car, he should have taken further precautions before keeping on upon the defendant's track.

TORT, by the administratrix of the estate of Roch Chaput, to recover for his death and conscious suffering, with three counts, the first and second under R. L. c. 171, § 2, and c. 111, § 267, for causing the death of the plaintiff's intestate, and the third at common law for his personal injuries and conscious suffering caused by the alleged negligence of the defendant's servants. Writ dated October 25, 1901.

At the trial in the Superior Court *Gaskill,* J. refused to order a verdict for the defendant, and submitted the case to the jury. The jury found for the defendant on the first and second counts, and returned a verdict for the plaintiff on the third count in the sum of $2,000.   The defendant alleged exceptions.

The case was submitted on briefs.

*C. H. Poor & E. B. Fuller,* for the defendant.

*T. W. Coakley, D. H. Coakley & R. H. Sherman,* for the plaintiff.

BRALEY, J.   At about eleven o'clock on a dark but pleasant night, the plaintiff's intestate while driving " an ordinary large sized job wagon " along a public way in which the defendant's track was located was thrown out by a car running into the rear end of the wagon, and suffered injuries which caused his death after a period of conscious suffering.   The jury found for the plaintiff on the third count of the declaration, and the defendant urges that the refusal to direct a verdict in its favor was erroneous as there was no evidence of the decedent's due care.   Having died before the action was brought his declarations became admissible, and were put in evidence by the testimony of his brother, and the plaintiff, who is his widow.   R. L. c. 175, § 66. *Dickinson* v. *Boston,* 188 Mass. 595.   Upon these declarations and other descriptive evidence of the grade of the street, the speed of the car, and the character of the collision, the jury could find that at the time of the accident the wagon being on the

right hand side of the road was partly on or near the track, with the decedent seated upon the floor, with the reins in his hands, and that upon looking back and neither seeing an approaching car, nor hearing a gong he kept on, when without any warning the car ran into the rear end of his wagon, throwing him into the highway, where he fell receiving severe injuries. It is true that the defendant was deprived of the advantage of cross-examination by which to test the accuracy of his statements, or to obtain admissions in support of its theory that he was sitting crosswise back of the seat with the reins hung on the left hand side of the wagon, nevertheless by force of the statute this testimony was competent, and its weight was for the jury, who were not obliged to accept the version of the affair as described by the defendant's witnesses. It often has been decided that the use by a street railway of the highway in which its tracks may be located is not exclusive, nor are travellers at their peril obliged to act as if this right existed, under the penalty that if they are injured they must be held as matter of law to have been careless. *O'Brien* v. *Blue Hill Street Railway*, 186 Mass. 446, 447, and cases cited. *Kerr* v. *Boston Elevated Railway*, 188 Mass. 434, 436. The wagon and the car were both rightfully upon the highway, and if the wagon could leave the track while the car could not, yet the defendant's motorman was called upon in passing down a steep grade to remember and recognize the use of the street by travellers, and to avoid running them down, if they happened to be wholly or partially within the rails, or so near the track that there might be danger of contact. The decedent had a right to assume that at least this degree of care would be exercised. *Hennessey* v. *Taylor*, 189 Mass. 583. If the jury found that he looked back, and neither seeing nor hearing an approaching car kept on, it was for them to decide whether his conduct was that of the ordinarily prudent man similarly situated, or whether he should have taken further precautions. *Stubbs* v. *Boston & Northern Street Railway*, 193 Mass. 513. In its essential features the present case cannot be distinguished from the cases of *Vincent* v. *Norton & Taunton Street Railway*, 180 Mass. 104; *Sexton* v. *West Roxbury & Roslindale Street Railway*, 188 Mass. 139; *Shea* v. *Lexington & Boston Street Railway*, 188 Mass. 425; and *Kerr* v. *Boston Elevated Railway*, 188 Mass. 434, by which

it is governed rather than by the case of *Gorham* v. *Milford, Attleborough & Woonsocket Street Railway,* 189 Mass. 275, on which the defendant relies.

                                   *Exceptions overruled.*