JOHN F. CALLAHAN *vs.* BOSTON ELEVATED RAILWAY
COMPANY.

Suffolk.    March 16, 1910. — March 23, 1910.

Present : KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Negligence,* In use of highway.    *Street Railway.*

Owing to the fact that street cars run on rails and cannot turn out, persons travel-
ling on the same highway by other methods must regard this limitation, and if
when a car is approaching they are upon the part of the way which is between
the rails they should leave that space at once if reasonably practicable ; but
travellers in vehicles are not obliged to be constantly on the watch to observe
the approach of a car from behind and under ordinary circumstances rightfully
may assume that the driver of such a car will use common prudence to avoid
collision with persons who are exercising their rights as travellers with ordinary
care.

In an action against a corporation operating a street railway, for personal injuries
from being run into by a car of the defendant while the plaintiff was driving a
pair of horses attached to a heavy wagon on a street of a town in winter after
dark, if it appears that the portion of the way outside the tracks of the defend-
ant was covered with ice and snow and that the footing for the plaintiff's horses
was better between the rails where there was no ice and where the plaintiff had
been driving at a walk for about five minutes when the car of the defendant
ran into him from behind, the questions of the due care of the plaintiff and the
negligence of the defendant are for the jury.

TORT for personal injuries received by the plaintiff from
being run into from behind by an electric car of the defendant
while the plaintiff was driving in a two horse caravan along
Boylston Street in Brookline at about seven o'clock in the
evening of January 15, 1907.    Writ dated February 6, 1907.

In the Superior Court the case was tried before *Raymond,* J.
The circumstances of the accident, as shown by the evidence,
are stated in the opinion.    At the close of the plaintiff's evi-
dence, the judge ruled that on all the evidence the plaintiff
could not recover, and ordered a verdict for the defendant.
The plaintiff alleged exceptions.

*R. W. Frost,* (*J. W. McCormack* with him,) for the plaintiff.
*W. E. Monk,* for the defendant.

RUGG, J.    The plaintiff was driving in a heavy wagon after
dark upon a broad street in the town of Brookline.    The por-

tion of the way outside the tracks of the defendant company was covered with ice and snow, and the footing for his horses was better between the rails where there was no ice and where he had been driving at a walk for about five minutes, when a car of the defendant going in the same direction ran into him from behind and caused the injuries, for which this action is brought.

A street railway company, by reason of the grant to it of a location for its tracks in a highway, gains no right to the exclusive enjoyment of that portion where its rails are laid. The rest of the travelling public also may go upon it, provided there is no unreasonable interference with the progress of the cars of the street railway. The fact that street cars can only proceed upon rails gives to them a certain preference. Others must respect the limitations under which travellers in street cars labor as to their inability to turn out, by not unduly obstructing the track. On learning of the approach of a car other travellers upon that part of the way should leave the rails at once if reasonably practicable. But travellers in vehicles are not obliged to be constantly upon the watch to observe the approach of a car from behind. They may rightfully assume under ordinary conditions that the driver of the car will exercise common prudence to avoid collision with others exercising their rights as travellers with ordinary care. These principles were early declared and have been constantly adhered to in determining the relative rights of these two kinds of travellers upon highways. *Commonwealth* v. *Temple,* 14 Gray, 69. *Vincent* v. *Norton & Taunton Street Railway,* 180 Mass. 104. *Sexton* v. *West Roxbury & Roslindale Street Railway,* 188 Mass. 139. *Kerr* v. *Boston Elevated Railway,* 188 Mass. 434. *Williamson* v. *Old Colony Street Railway,* 191 Mass. 144, 147. *Logan* v. *Old Colony Street Railway,* 190 Mass. 115. *Chaput* v. *Haverhill, Georgetown & Danvers Street Railway,* 194 Mass. 218. *Jeddrey* v. *Boston & Northern Street Railway,* 198 Mass. 232.

The circumstances disclosed in the case at bar made it necessary to submit to the jury both the due care of the plaintiff and the negligence of the defendant. The plaintiff was in a place where he had a right to be, and he may have been found to have been justified in apprehending no danger of collision from behind

without warning.   This case is plainly distinguishable from those where a pedestrian, with no sufficient excuse, has either stopped in front of, or failed to avoid, an oncoming car.

*Exceptions sustained.*