JESSIE BRERETON *vs.* MILFORD AND UXBRIDGE STREET RAILWAY COMPANY.

Middlesex.     December 1, 1915. — March 1, 1916.

Present: RUGG, C. J., LORING, DE COURCY, CROSBY, & CARROLL, JJ.

*Negligence,* Street railway, In use of highway. *Evidence,* Of fact undisputed at trial.

If a woman fifty-two years of age, who is deaf but can hear a whistle of a street railway car for a distance of twenty or thirty yards, walks along a path on one side of a village street that has no sidewalk, which path is at the outer edge of a single track of a street railway that is laid at the side of the street, the surface between the rails being filled to the level of the street, and which is the only path for pedestrians at that place, and, having in mind the possibility of the approach from behind her of a car at about that time, she looks back twice, and then goes on not more than one hundred and thirty-five feet from the point

from which she looked back the second time, when she is run down from behind by a street railway car that gives no signal of its approach and whose motorman, knowing that the woman is unaware of the car's approach, makes no effort to stop the car until it is within half a car's length of her, in an action by the woman against the corporation operating the car for her injuries thus sustained there is evidence for the jury that the plaintiff was in the exercise of due care and that the defendant was negligent.

In an action against a corporation operating a street railway for personal injuries alleged to have been caused by running down the plaintiff with a car of the defendant, when, after a verdict for the plaintiff, the case was before this court upon the defendant's exceptions, the defendant's counsel in his brief suggested for the first time that there was no evidence that the defendant was operating the street railway on which the plaintiff was injured. The bill of exceptions showed that at the trial two plans were put in evidence by the defendant and were marked as exhibits, and on each of these plans, which were before this court, the railway track was designated in printed letters as the track of the defendant, the corporate name being given. *Held*, that, in the absence of any evidence to the contrary, this warranted a finding that the car which struck the plaintiff was operated by the defendant.

CROSBY, J.   The plaintiff, while travelling on foot on Hollis Street in the village of South Framingham, was struck from behind by an electric car of the defendant and thereby received *· the injuries for which this action is brought.

The defendant's single track, which runs from South Framingham toward the town of Holliston, is on the left side of Hollis Street and within the finished surface of the highway.

At the time of the accident the plaintiff was fifty-two years old. She was very deaf, but there is nothing to show that she was not in full possession of her other senses.   She lived on Hollis Street and on the day of the accident was returning from the village of South Framingham to her home.   When she reached Winthrop Street, she crossed from the right to the left side of the street, and continued walking along the left side of Hollis Street.   She testified that "just before she crossed over George Street she looked back; then after crossing George Street, she looked back the second time when half way between George Street and the place of the accident."   She further testified that while she was deaf, she could hear a car whistle for a distance of twenty or thirty yards, and could hear a dog bark; that she heard no whistle or gong before she was struck.   There was evidence to show that there was

---

* On October 28, 1913.

no sidewalk along the left side of the street at the place of the accident. The defendant introduced evidence to show that at that point there were two footpaths, one extending along the outer edge of the street railway track about two feet from the rail, and the other being nearer to the houses on the left side of the street.

The plaintiff contended and introduced evidence to show that at the place of the accident there was but one path or walk, that it extended along the outer edge of the track and that she was walking upon this path when hit by the car.

It appeared that the spaces between the ties and the rails were smooth and flush with the surface of the street. There was evidence that the path along the side of the track was worn and trodden down, and was much travelled by pedestrians.

The distance from George Street to the place of the accident was in dispute. The plaintiff contended that the jury could have found that this distance was one hundred and eighty feet, while the defendant offered evidence to show that it was two hundred and seventy feet. If, when the plaintiff looked back the last time, she was half way between George Street and the place of the accident, it could have been found that she had travelled either ninety feet or one hundred and thirty-five feet after she looked the last time. We do not consider it to be of controlling importance which estimate is correct.

The jury could have found that the plaintiff was travelling along the only path there was for pedestrians at the place where she was struck, and that this path was in common use by such travellers. She was in a place where she had a right to be, and was not prohibited from travelling upon the highway along the side of the railway track or even upon it.

It was her duty to exercise reasonable care for her own safety no matter what part of the way she saw fit to pass over. The accident occurred in the middle of the afternoon. She testified that she looked back twice within a distance of less than three hundred feet to see whether any car was behind her, and saw none; and that when she last looked she was at a point not to exceed one hundred and thirty-five feet from where she was hit by the car. She was in a general way familiar with the running of the cars, had met this car at Winthrop Street on its way to South Framingham, and knew that later it would return in the direction in which

she was going.  The conductor testified that after she was struck she said she did not know it was time for the car.  The jury could have found, from the speed of the car, from the distance which it had to travel and from all the circumstances, that she had in mind the possibility of its approach and was governing herself accordingly.  Besides she had a right to rely in part upon the assumption that the motorman would not negligently and without warning run his car into her.  *Carlson* v. *Lynn & Boston Railroad,* 172 Mass. 388.  *Vincent* v. *Norton & Taunton Street Railway,* 180 Mass. 104.  *Caput* v. *Haverhill, Georgetown & Danvers Street Railway,* 194 Mass. 218.  *Callahan* v. *Boston Elevated Railway,* 205 Mass. 422.  *McCue* v. *Boston Elevated Railway,* 221 Mass. 432.

The fact that the plaintiff was deaf made it incumbent upon her to be more alert in the use of her sense of sight to protect herself from harm, and the presiding judge * in substance so instructed the jury.  *Smallwood* v. *Boston Elevated Railway,* 217 Mass. 375, 377.

We do not think that it could be ruled as matter of law that the plaintiff was not in the exercise of due care.

If the jury found that the motorman failed to give any signal after leaving George Street, that he knew that the plaintiff was unaware of the approach of the car and that he made no attempt to stop it until it had reached a point within half a car length of the plaintiff, they would have been warranted in finding that he was negligent.  The jury were not bound to believe his testimony that she stepped into the path when the car was only fifteen or twenty feet away from her.

It follows that the defendant's first, second and fourth requests †
were rightly refused.  The fifth, ninth, thirteenth, fifteenth, six-

---

* *Hardy,* J.  The jury returned a verdict for the plaintiff in the sum of $7,500; and the defendant alleged exceptions.

† These requests were as follows:

"1. Upon all the evidence the plaintiff cannot recover, and the verdict must be for the defendant.

"2. The evidence fails to show that the plaintiff was in the exercise of due care, and the verdict must be for the defendant."

"4. There is no evidence in this case of negligence on the part of the defendant, and the plaintiff cannot recover."

teenth and seventeenth requests were covered by the charge so far as they properly could have been given.

The suggestion, which appears for the first time in the defendant's brief, that there is no evidence to show that the defendant was operating the street railway on which the plaintiff was injured, would seem to have been an afterthought. Two plans, marked "Exhibit 3" and "Exhibit 4," were introduced in evidence by the defendant, and upon each is printed the following: "Milford and Uxbridge Street Railway Track." This was sufficient to show that the car which struck the plaintiff was operated by the defendant in the absence of any evidence to the contrary.

The presiding judge fully and accurately instructed the jury upon the law applicable to the case, and we perceive no error in the conduct of the trial.

*Exceptions overruled.*

S. D. *Vincent,* for the defendant.

H. D. *McLellan,* (*P. O'Loughlin* with him,) for the plaintiff.