JAMES WELCH *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.   November 14, 1916. — February 27, 1917.

Present: RUGG, C. J., LORING, DE COURCY, CROSBY, & CARROLL, JJ.

*Street Railway. Way,* Public. *Negligence,* Invited person. *Evidence,* Common knowledge.

Where a cross walk constructed of flagstones and paving blocks extending across a city street from sidewalk to sidewalk and crossing in the middle of the street a reservation, which had been laid out under St. 1894, c. 324, § 1, and over which parallel tracks of a street railway were operated, when the macadam surface of the roadway on each side of the reservation was changed to a smooth and hard "bitulithic" pavement, was removed from the roadway on each side and was left across the reservation, this does not constitute as matter of law an abandonment of the cross walk as a whole, because it is common knowledge that ordinarily cross walks are not maintained upon and over "bitulithic" and other like pavements.

Where in a city that accepted St. 1894, c. 324, a street was constructed under that statute with a reservation in the middle of it over which parallel tracks of a street railway were operated, and where a cross walk of the ordinary character was constructed across the reservation by an official of the city, acting apparently without authority, and thereafter the cross walk was used by the public for ten years without any objection on the part of the city or on the part of the corporation operating the street railway, it was *held* that such corporation, by acquiescing with a full knowledge of the facts in the use by the public of this cross walk *de facto,* had assented to such use by the public, and accordingly, in an action against the corporation by one who was run into by a street railway car of the defendant when crossing the reservation on this cross walk, the plaintiff is not in the position of one who was injured when a trespasser or a bare licensee and must be treated as one who was injured when travelling over the cross walk rightfully and to whom the defendant owed the duty to exercise reasonable care so as not to injure him.

In the case above described it was *held* that the right of the defendant to run its cars over the cross walk under these conditions was not exclusive, nor was such right paramount to the right of the plaintiff to travel over the walk, although the fact that a street railway car can proceed only along its track gives it a certain preference to proceed without obstruction even by pedestrians rightfully crossing the track.

TORT for personal injuries sustained on the evening of November 11, 1906, when the plaintiff was walking across Huntington Avenue in Boston upon a paved cross walk about opposite the Hotel Nottingham between Dartmouth Street and Exeter Street and was struck by an electric street railway car of the defendant that

was being operated on the reserved space in the middle of Huntington Avenue. Writ dated January 4, 1907.

In the Superior Court the case first was tried before *Brown, J.,* who ordered a verdict for the defendant. Exceptions alleged by the plaintiff were sustained by this court in a decision reported in 214 Mass. 168.

The case was tried again before *Lawton, J.* At the close of the plaintiff's evidence, which, so far as it differed from the evidence at the first trial, is described in the opinion, the judge ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*W. B. Grant,* (*T. H. Buttimer* with him,) for the plaintiff.

*W. G. Thompson,* (*G. E. Mears* with him,) for the defendant.

CROSBY, J. The plaintiff, while walking across Huntington Avenue in Boston about opposite the Hotel Nottingham between Dartmouth Street and Exeter Street, was struck by an electric car of the defendant and received the injuries for which this action is brought.

The defendant's tracks at the place of the accident are laid upon the reserved space in the middle of the avenue, and the plaintiff while on the cross walk, which extends across the entire reservation, was struck by an outbound car.

We do not deem it necessary to recite the evidence relative to the authority by which Huntington Avenue from Boylston Street to Camden Street was originally laid out by order of the board of street commissioners of the city of Boston in 1875, or, as the highway was afterwards laid out, extended and widened by order of the commissioners, dated January 5, 1895, in accordance with a plan made by Pierre Humbert, Jr., city surveyor, dated May 1, 1894, wherein the reservation in the middle of the way twenty-five feet in width was provided for, with breaks therein, as shown on the plan. St. 1894, c. 416. St. 1894, c. 324.

The various proceedings above referred to are described in the opinion in this case when it was previously before this court. *Welch* v. *Boston Elevated Railway,* 214 Mass. 168. The plan made by Pierre Humbert, Jr., under which the street was constructed, widened and the reserved space established, was not in evidence at the first trial, but there was testimony to show that a cross walk over the reservation at the point where the plaintiff was injured appeared on the plan. At the last trial the Humbert plan was pro-

duced and put in evidence. The plan does not show any cross walk at the place in question; there are some pencil marks, but the testimony with reference to these marks is too vague and indefinite to warrant a finding that the plan showed a cross walk at this place. At the former trial there was no direct evidence to show when or by whom the cross walk originally was constructed. At the last trial there was evidence that it was constructed in 1896 when the rest of the work was done, by direction of one Kelley, who was a deputy superintendent of the paving division of the city of Boston and in charge of a portion of the work upon Huntington Avenue. There is nothing to show that Kelley acted under any competent authority in placing the cross walk there, if built by his orders.

This court held in the former opinion that, as there was evidence that the cross walk appeared upon the Humbert plan, it could be found that the cross walk was one of the "breaks" in the reservation "just as there were doubtless provided at the intersection of cross streets other and wider breaks for the use both of pedestrians and of vehicles."

It is the contention of the defendant that, as it was shown at the last trial that the cross walk did not appear upon the plan, and that, as it was not constructed by lawful authority, the plaintiff, in attempting to walk over it, was a trespasser, or at least a bare licensee upon the reservation and that the defendant owed him no duty so long as the conduct of its motorman was not such as to show a wilful and reckless disregard of the probable harmful consequences. *Romana* v. *Boston Elevated Railway*, 218 Mass. 76. *Banks* v. *Braman*, 188 Mass. 367. This contention cannot be sustained.

There was evidence that this cross walk was constructed of flagstones and paving blocks in 1896 and extended across the street from sidewalk to sidewalk; that in 1906, when the macadam surface of the roadway on each side of the reservation was changed and a smooth "bitulithic" pavement was substituted therefor, the cross walk on the roadway was removed. But it cannot be contended successfully that such removal was an abandonment of the cross walk as matter of law, since it is common knowledge that ordinarily cross walks are not maintained upon and over highways constructed with a "bitulithic" or similar smooth surface even at intersecting streets.

There was also evidence that the defendant made certain changes in the cross walk between the rails of its tracks; that in the summer of 1906, when the character of the pavement on Huntington Avenue was changed, there was built on the reservation on each side of the tracks in line with the cross walk, a brick landing place for the use of persons boarding or alighting from cars; that it was a regular stopping place and was indicated by a white post.

The statute (1894, c. 324) authorizing the reservation of spaces in public ways "for the use of persons riding on horseback, special space for the use of street railways, whether operated by animal power, electricity or any other motive power except steam, special space for drains and sewers, and electric wires used for any purpose, and special space for trees, grass and for planting," is a general statute applicable to any city or town that accepts its provisions; the act was duly accepted by the city of Boston.

The facts that the Humbert plan does not show the cross walk, and that originally it was not constructed by lawful authority, are not decisive of the rights of the parties.

It is unnecessary to decide whether the right of the defendant to use that part of the reservation covered by its tracks, aside from the space occupied by the cross walk, is exclusive, as that question is not presented on this record.

The cross walk, of ordinary construction, extended across the reservation; there was nothing in its appearance or surrounding conditions to indicate to the plaintiff or to others that it was not a public crossing constructed and maintained as such. Although it does not appear that it was built by lawful authority, there was evidence that it was so constructed by an official of the city of Boston in 1896, and from that time until the date of the accident had continually been used by the public as a means of crossing the reservation at that point. It was, therefore, at the time the plaintiff was hurt a cross walk *de facto*.

There is no evidence that the city of Boston ever objected to the use by the public of this walk; nor is there evidence that the defendant ever objected thereto or attempted to prevent its use by the erection of a railing or by posting of notices or other warning to the public. Under these circumstances, the jury could have found that the defendant, with full knowledge of the facts, had

acquiesced in and assented to the use which had been made by the public of the cross walk.

This being so, the plaintiff was not a trespasser or bare licensee, as to the defendant, while travelling over the cross walk, but was there rightfully; and the defendant's servants owed him the duty to exercise reasonable care so to operate its cars as not to injure him.

The right of the defendant in running its cars over the cross walk under these conditions was not exclusive, nor was such right paramount to the right of the plaintiff to travel over the walk, although the fact that a street railway car can proceed only along its track gives to it a certain preference entitling it to proceed without unreasonable obstruction even by pedestrians rightfully crossing the track. *Callahan* v. *Boston Elevated Railway*, 205 Mass. 422. *Driscoll* v. *Boston Elevated Railway*, 223 Mass. 533.

We may add that there is nothing in the former opinion at variance with the views herein expressed.

The exceptions to the admission of evidence have not been argued and are treated as waived.

The questions, whether the plaintiff was in the exercise of due care and whether the motorman's negligence caused the injuries which the plaintiff received, were for the jury.

*Exceptions sustained.*