ALLISON L. FOSTER

*vs.*

CUMBERLAND COUNTY POWER & LIGHT COMPANY.

Cumberland. . Opinion May· 22, 1917.

*Negligence.   Degree of care required of persons driving vehicle in day time on to and along tracks of street railway.   Degree of care required driving on to tracks in the night time.   Duty of drivers of teams or other vehicles driving upon street railway tracks having knowledge that cars are approaching. Rule of law where, on account of construction of vehicle, driver's view behind obscured.*

The plaintiff brings this action for the recovery of damages to himself and vehicle alleged to have been caused by a rear-end collision with the latter of an electric car of defendant at about seven o'clock of the evening of the thirtieth day of October, 1915.   A verdict being found for plaintiff, defendant files the usual motion for new trial.

In the darkness of night when the driver of a team upon a railway track knows that a car is but a short distance behind him upon the same track and must be continually approaching him, he has a duty other than driving onwards with no effort of some of his senses to ascertain the whereabouts of the car.

It is the duty of drivers of teams upon the tracks of street railways to leave them when they are aware, or ought to be aware, of the approach of cars.

One driving a team or wagon at night upon the track of a surface railway may not rely wholly upon the supposition that the servants of the railway will see him in time to give warning but he must be on the alert to discover in some manner and by some exercise of his senses the approach of a car from the rear.

If his sense of hearing be impaired, he is not excused from the exercise of his other senses but is called upon to exercise those .unimpaired with a higher degree of alertness than will be the case if all his senses be normal.

Action on the case to recover damages for injuries received through the alleged negligence of the defendant company.   Defendant filed plea of general issue.   Verdict for plaintiff in the sum of eight hundred dollars.   Defendant filed motion for new trial.   Motion sustained.   New trial granted.

Case stated in opinion.
*Harry H. Cannell, and James A. Connellan,* for plaintiff.
*Bradley & Linnell,* for defendant.

SITTING: SAVAGE, C. J., CORNISH, KING, BIRD, HALEY, PHILBROOK, JJ.

BIRD, J. The plaintiff brings this action for the recovery of damages to himself and vehicle alleged to have been caused by a rear-end collision with the latter of one of the electric cars of the defendant at about seven o'clock in the evening of the thirtieth day of October, 1915. The jury found for the plaintiff and defendant filed the usual motion for new trial.

At the time of the collision the evening was starlight, and provision for lighting the street was made by placing incandescent electric lights along the side of the street opposite the track on which the collision occurred. The car of defendant, having vestibules at either end, was proceeding southerly towards Portland on the more westerly of the double tracks of defendant. The plaintiff, seated in a long lumber wagon, or truck, was driving the horse drawing the wagon between the most westerly rail of the tracks and the westerly sidewalk. He states that he encountered a muddy place in the roadway and, after looking backwards and observing the car, apparently at a stand still, at a distance of some three or four hundred feet, he turned upon the track on which he saw the car in order to avoid the mud. He continued driving upon the track until he had passed the muddy portion of the way—a distance of thirty or forty feet, as he estimates it—when he turned to his right to leave the track and had nearly done so, when the back of the wagon was struck by the car and the injuries of which he complains inflicted. His hearing was less than normal and he states that he neither heard the approaching car nor looked behind him for it after he entered upon the track.

It was testified by the motorman, who was corroborated by the evidence of an employe of defendant riding in the vestibule with him, that the car had proceeded on its course a distance, not given, when the eyes of the motorman and his companion were so blinded by the lights of an approaching automobile that they were unable to see anything in front of them; that the motorman at once shut off his power, rang his gong, and allowed the car to coast at a speed of six or eight

miles per hour. He also testified that when his eyes recovered their power he saw, for the first time, the wagon of plaintiff partly on the track, the horse being in the act of turning from the track to the west or right; that he immediately took measures to reverse and apply the power; that after the maneuver had been accomplished the car came to a stop in a distance of ten or fifteen feet, but not before it had struck the rear left wheel of the wagon.

Upon this evidence we conclude that the defendant, although apparently doing all within its power to stop the car on perceiving the wagon, was negligent in not reducing the speed to the slowest possible rate or, better, stopping the car altogether, immediately the eyesight of the motorman was affected.

The defendant urges that the plaintiff also was guilty of want of due care contributing proximately to the casualty. We have recently held that the driver of a team, proceeding on the track of a street railway, is not bound to keep a lookout behind his team for a car. *Fickett* v. *Lewiston, Augusta & Waterville Street Railway*, 110 Maine, 267, 271. In support of this statement of the law, *Vincent* v. *Railway Co.*, 180 Mass., 104, is one of the authorities relied upon. In this case the vehicle, ahead of the car, was of such construction that the driver's view of the space behind was fully obscured. The collisions in both these cases occurred in the day time and both vehicles were plainly visible to those operating the cars.

In the darkness of night we conceive a different rule should prevail. Where the driver of the team knows that a car is but a short distance behind him upon the track and, in the nature of things, must be continually approaching him, he has a duty other than driving onwards with no effort of some of his senses to ascertain the whereabouts of the car. See *Denis* v. *Street Ry. Co.*, 104 Maine, 39, 46, where are indicated the precautions to be observed by one who, in the night time is about crossing the track of a street railway. By Statute it is made a criminal offense to obstruct street railways in the use of their tracks: R. S. (1903), Chap. 53, Sec. 28; (R. S., 1916, Chap 58, Sec. 34) and it is the duty of drivers of teams upon the tracks to leave them when they are aware, or ought to be aware of the approach of cars. *Corn* v. *Temple*, 14 Gray, 69, 76, 78; *Flewelling* v. *L. & A. H. R. R. Co.*, 89 Maine, 585; *Marden* v. *Street Railway*, 100 Maine, 41, 45; See *Winter* v. *Federal, etc., R. R. Co.*, 153 Pa. St., 26; 19 L. R. A. 232.

It has been held that it is not negligence, as matter of law, for one driving a wagon at night in the track of a surface railway to fail to look back to see an approaching car, but that he may not rely wholly upon the supposition that the railroad's servants will see him in time to give warning, and that he must be on the alert to discover in some manner and by some exercise of his senses the approach of a car from the rear. *Bossert* v. *Nasscn Electric R. R. Co.*, 57 N. Y. Suppl., 896. This is the established doctrine obtaining in New York; Id; *Belford* v. *Brooklyn Heights R. Co.*, 83 N. Y. Suppl., 836; *Hinode Flcrist Co.* v. *N. Y. & Q. C. Ry. Co.*, 115 N. Y. Suppl., 252. If not already recognized law in this State, upon the principle declared in *Denis* v. *Street Ry. Co.*, supra, we think it should be, not only as supported by authority but also as established by the principles of the common law. The driver of the team must at least be held to the exercise of the same care as one about to cross a street railway track in the day time. See *Thompson* v. *L. A. & W. St. Ry.*, 115 Maine, 560; 99 Atl. Rep., 370, 371.

If his sense of hearing was impaired, he was not excused from the use of his other senses but was called upon to exercise those unimpaired with a higher degree of alertness than would be the case if all his senses were normal. *Emery* v. *Waterville, F. & O. Ry. Co.*, 95 Atl. Rep., 892; He must be more cautious and diligent in the exercise of his remaining faculties.

The plaintiff saw the car on the same track before he entered upon it; he is chargeable with knowledge that it must follow him; his entry upon the track was not necessary; he could have avoided the mud by waiting a short interval for the car to pass; but he entered upon the track, heard no sound of the car, and knowing his deafness, made no attempt, as he states, to look for it. His attitude was one of listless indifference to his situation and surroundings. Under the circumstances, the conclusion that he was lacking in due care is unavoidable.

> *The motion must therefore be sustained and a new trial granted.*