JOSEPH HERMAN & others *vs.* MIDDLESEX AND BOSTON STREET
RAILWAY COMPANY.

DAVID HERMAN *vs.* SAME.

HARRY HERMAN *vs.* SAME.

Middlesex.   January 14, 1920. — February 28, 1920.

Present: RUGG, C. J., BRALEY, DE COURCY, CARROLL, & JENNEY, JJ.

*Negligence,* Contributory, In use of highway, Street railway.

It is not negligent as a matter of law to drive at night upon tracks of a street
railway, which are upon but at the side of a highway and are outside the part
of the way used for travel, when there is deep snow upon the travelled part of
the way and the street railway tracks are cleared.

At the trial of an action against a street railway company for injuries resulting from
a collision after six and before seven o'clock in an evening in January, 1916,
between a wagon driven by the plaintiff and an electric street railway car of
the defendant, there was evidence that, because of the depth of snow on the
travelled part of the way, the plaintiff was driving upon the street car tracks,
which were within, but at the side of and outside of the travelled part of, the
highway; that there was a lighted lantern attached to the back of his wagon;
that just previous to the collision the plaintiff had met and had passed a motor
vehicle; that the motorman of the street car, approaching the wagon over the
brow of a hill from the rear, had seen the motor vehicle five hundred feet dis-
tant, had turned out the headlight of the car and, after passing the motor
vehicle, had turned the headlight on again.  The collision occurred over seven
hundred feet from where the motorman first had seen the motor vehicle.  The
plaintiff testified that for a minute before the collision he heard the noise on
the wires of an approaching car but that he did not know on which track it
was moving and did not turn to see if it was behind him.  *Held,* that

(1) It could not be ruled as a matter of law that the conduct of the plaintiff
constituted contributory negligence;

(2) The question of negligence of the motorman was for the jury.

THREE ACTIONS OF TORT against a street railway company, the
first action being for damage to horses, a wagon and other property
of a partnership composed of four partners by reason of a colli-
sion of an electric street car of the defendant with the wagon of
the partnership, and the second and third actions being to recover
for personal injuries received by two of the partners.  Writs dated
February 25, 1916.

In the Superior Court the actions were tried together before

*Hitchcock, J.* The material evidence is described in the opinion. At the close of the evidence, the defendant moved that a verdict be ordered in its favor. The motion was denied. The jury found for the plaintiffs in the first action in the sum of $300, for the plaintiff in the second action in the sum of $1,500, and for the plaintiff in the third action in the sum of $175; and the defendant alleged exceptions.

*P. F. Drew, (C. S. Walkup, Jr.,* with him,) for the defendant.

*C. Brewer,* for the plaintiffs.

CARROLL, J.   Between six and seven o'clock on the evening of January 3, 1916, the plaintiffs David and Harry Herman left Framingham for Boston in an open wagon drawn by two horses hitched tandem. David was driving the one between the shafts, and Harry, the lead horse. The wagon was run into from behind by one of the defendant's cars, the plaintiffs were injured and the property of the partners, who were the plaintiffs in the first action, was damaged. To the refusal of the trial judge to order a verdict in its favor, the defendant excepted.

There was evidence for the jury that a lighted lantern was attached to the rear of the wagon. After passing the waiting station at Natick, because of the depth of snow in the street, the plaintiffs drove upon the right hand car track of the double tracks, which ran along the left side of the way outside the travelled part but which we must assume were within the limits of the highway. Just before the accident an automobile going in the opposite direction, turned from the car tracks to go by the wagon. The motorman testified that coming over the brow of the hill, he saw the automobile and turned out the headlight, that after passing the automobile he turned the light on again and saw the team immediately in front of him but did not have sufficient time to avoid the collision.

The jury could have found on the evidence that no whistle was sounded until half a second before the accident, that no gong was sounded, and that, when the automobile first was seen it was five hundred feet from the car, — between the car and a building called the Evans House; that the light was turned on as soon as the automobile had passed; and that the collision took place two hundred feet beyond the Evans House. One of the plaintiffs testified that for a minute before he was struck he heard the noise on

the wire, of an approaching car, but that he did not know on which track it was moving and did not turn to see if it was behind him.

Although the tracks were outside the part of the way used for travel, it was not negligent, as matter of law, to drive upon them. It was not known that the car was coming; if the gong were sounded it was not heard by the occupants of the wagon, who were not obliged to be constantly on the watch for a car coming from behind, and well might rely on the assumption that the motorman would use ordinary care to avoid the collision. The motorman testified that the gong was rung, but he stated in the accident report that it was not rung. The jury could have found that with the headlight burning he might have seen the wagon in time to avoid a collision; and if the light was not lighted, that he was negligent in running his car at such a rate of speed without either ringing his gong or sounding his whistle, when, under the circumstances, vehicles might be expected on the car tracks. There was evidence of the plaintiffs' due care and of the defendant's negligence. *Manley* v. *Bay State Street Railway,* 220 Mass. 124. *Callahan* v. *Boston Elevated Railway,* 205 Mass. 422. *Sexton* v. *West Roxbury & Roslindale Street Railway,* 188 Mass. 139. *Vincent* v. *Norton & Taunton Street Railway,* 180 Mass. 104.

*Exceptions overruled.*