ALBERT J. WOOD *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.     March 21, 1905. — May 18, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, & BRALEY, JJ.

*Negligence,* In driving.     *Street Railway.*

In an action by the driver of a loaded furniture wagon against a street railway company for injuries caused by his team being run into from behind by a car of the defendant, if it appears that the plaintiff was driving on the left hand side of a street and, being obliged to cross the defendant's tracks to get to his destination, leaned out of his wagon, looked back and saw a car approaching about three hundred or three hundred and fifty feet away, and thereupon, judging it safe to turn his horses across the track, did so and almost immediately his team was struck by the car, which broke the pole and whiffletree and twisted the wagon around, throwing the plaintiff out, and then went two or three lengths beyond, having sounded no gong as it approached, there is evidence that the plaintiff was in the exercise of due care and that the defendant was negligent.

TORT by the driver of a furniture wagon against a street railway company for injuries caused by his team when loaded with furniture being run into by an electric car of the defendant on Elm Street at or near Cutter Square in Somerville after daylight on December 6, 1900. Writ dated March 26, 1902.

At the trial in the Superior Court before *Sherman*, J. the jury returned a verdict for the plaintiff in the sum of $2,075; and the judge at the request of the defendant reported the case for determination by this court upon the terms stated in the opinion.

*J. F. Sweeney & A. A. Capotosto*, for the defendant.

*M. I.-F. Reuben*, for the plaintiff, was not called upon.

MORTON, J. This is an action of tort to recover for injuries sustained by the plaintiff in consequence of a collision of one of the defendant's cars with a team which the plaintiff was driving whereby he was thrown off and injured. At the close of the evidence the defendant requested the judge to order a verdict for the defendant which the judge declined to do but submitted the case to the jury which returned a verdict for the plaintiff. The case is here on report. If judgment should have been ordered for the defendant it is to be so entered, otherwise judgment is to be entered on the verdict.

The questions are the usual ones of due care on the part of the plaintiff and negligence on the part of the defendant. We do not see how it could have been ruled as matter of law that the plaintiff was not in the exercise of due care, or that there was no evidence of negligence on the part of the defendant. The plaintiff was on the left hand side of the road and turned to cross the defendant's tracks as it was necessary that he should do in order to go in the direction in which he wanted to go. Before attempting to cross he leaned out of his team and looked back and saw a car approaching about three hundred or three hundred and fifty feet away. Judging it safe to do so he turned the horses to cross the track and almost immediately the team was struck by the car just behind the forward off wheel and he was thrown off. The plaintiff was not negligent as matter of law in being on the left hand side of the street, (*Galbraith* v. *West End Street Railway*, 165 Mass. 572,) and the question whether taking all the circumstances into account he was in the

exercise of due care was eminently a question for the jury. So too was the question whether the motorman was negligent, and whether the collision was due to his carelessness. The testimony as to the speed of the car was conflicting; some of the witnesses testifying that it was going at a good rate of speed and the testimony tending to show that the team was twisted round and that the car went two or three lengths after striking the team and that the pole and whiffletree were broken by the force of the collision. There also was testimony tending to show that the gong was not sounded, and that the street was well lighted and that the team was plainly visible. These and other circumstances, including the possible condition of the motorman, rendered it impossible to order a verdict for the defendant as requested.

*Exceptions overruled.*