AMBROSE S. FALLON *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.    November 16, 1908. — February 26, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Negligence.    Street Railway.*

In an action, against a corporation operating a street railway, for injuries to the plaintiff and his horse and wagon from being run into by an electric car of the defendant a little before midnight on a bright, clear night in a street which was perfectly straight and nearly level for more than a quarter of a mile in each direction from the place of the accident, with electric lights near the place and no other vehicles in the vicinity except another electric car which had passed a short time before, there was evidence that the plaintiff was on the right hand side of the street and that, after the other car had passed him going in the same direc-

tion, he turned to the left to cross the tracks diagonally, driving slowly, that he saw a car coming from the opposite direction a long distance away and thought that he had sufficient time to cross until it was close upon him, when he shouted to the motorman and turned his horse sharply to the left to escape a collision, but that, before the hind wheels of his wagon had passed the outer rail of the second track, the forward right hand corner of the car came in collision with the back of his wagon. Two passengers, who were standing with the motorman on the front platform of the approaching car, testified that they saw the plaintiff's horse and wagon when the car was from three hundred to five hundred feet away and that the motorman did not seem to notice the plaintiff until he was very near him, that the car was running very fast and that its speed was increasing until the motorman put on the brake just as the collision occurred. *Held*, that there was ample evidence to warrant a finding that the motorman was negligent, and that there also was evidence to submit to the jury that the plaintiff was in the exercise of due care.

TORT for injuries to the plaintiff and to his horse and buggy from being run into by an electric car operated by the defendant on April 12, 1905, at about 11.55 P. M., while the plaintiff was driving across a track of the defendant's railway. Writ dated August 1, 1905.

In the Superior Court the case was tried before *Aiken*, C. J. The evidence is described in the opinion.

At the close of the evidence it was agreed by counsel that the case should be submitted to the jury with the agreement that, if the jury returned a verdict for the plaintiff, the judge should set aside the verdict and direct a verdict for the defendant and report the case for determination by this court, with the stipulation that if the judge erred in directing a verdict for the defendant, judgment should be entered for the plaintiff in the amount found by the jury; otherwise, that judgment should be entered on the verdict for the defendant.

In accordance with this agreement of counsel, the Chief Justice submitted the case to the jury, who found for the plaintiff in the sum of $500. In accordance with the agreement above stated, the Chief Justice set aside this verdict and ordered a verdict for the defendant. If his ruling was right, judgment was to be entered on the verdict; otherwise, judgment was to be entered for the plaintiff in the sum of $500.

*J. M. Graham*, for the plaintiff.

*S. H. E. Freund*, for the defendant.

KNOWLTON, C. J. The wagon in which the plaintiff was driving was struck by an electric car on Washington Street, be-

tween Roslindale and Forest Hills in that part of Boston called West Roxbury, and the plaintiff was thrown out and injured. The street, for a distance of more than a quarter of a mile in each direction from the place of the accident, was perfectly straight and nearly level. The accident happened at a little before midnight, on a bright, clear night, with electric lights near the place, and there were no other vehicles in the vicinity except another electric car which had passed by a short time before. The street at that point is forty-one feet wide between the curbstones, leaving a space about thirteen and a half feet wide on each side between each outer rail of the double track of the street railway and the adjacent curbstone. The plaintiff was driving in the direction away from Boston on the right hand side of the outward track, and the car was coming toward Boston on the inward track. Franklin Place leads off from Washington Street at an acute angle, and the plaintiff turned to the left to cross the tracks diagonally, intending to enter Franklin Place; but before the hind wheels of his wagon had passed the outer rail of the second track, the forward right hand corner of the car came in collision with the rear part of his wagon. He testified that he saw the car coming when it was a long distance away, and that he thought he had sufficient time to cross until it was close upon him, when he shouted to the motorman, and turned his horse sharply to the left to escape a collision. A witness who was standing with the motorman on the front platform of the car testified that he saw the plaintiff's horse and wagon when the car was about five hundred feet away, and another witness, who also was on the front platform, said he saw them when the car was three hundred or four hundred feet away, and both of them testified that the motorman did not seem to notice the plaintiff until he was very near him. They said that the car was running very fast, and that its speed was increasing until the motorman put on the brake just before the collision occurred.

There was ample evidence to warrant a finding that the motorman was negligent. If he had been observing the track before him he would have seen that the plaintiff was crossing the tracks when he was a considerable distance away, and when there was plenty of time for him to cross if the speed of the car

was not increased or was slightly checked. The testimony is that the plaintiff was driving slowly.

Whether there was evidence that the plaintiff was in the exercise of due care is a question more difficult to answer. He testifies that he thought there was sufficient time to cross. He had reason to suppose that the motorman would see him when he was a long distance away, and he certainly had no reason to expect that the speed of the car would be increased. Driving naturally, he would enter upon the track a long time before the car would reach the place of crossing, and he well might expect that the motorman would check the speed of the car if necessary, rather than to run against him. While the jury well might have found that he was negligent, we are of opinion that his conduct presented a question of fact proper for their consideration, on which they might decide that he was in the exercise of ordinary care. The case is fairly within the decision in *Driscoll* v. *West End Street Railway,* 159 Mass. 142, 147. Other cases which tend strongly to support the plaintiff's contention are *Le Blanc* v. *Lowell, Lawrence & Haverhill Street Railway,* 170 Mass. 564, *Lahti* v. *Fitchburg & Leominster Street Railway,* 172 Mass. 147, *Scannell* v. *Boston Elevated Railway,* 176 Mass. 170, *Wood* v. *Boston Elevated Railway,* 188 Mass. 161, and *Carrahar* v. *Boston & Northern Street Railway,* 198 Mass. 549.

*Judgment for the plaintiff.*