CATHERINE CARROLL, administratrix, *vs.* BOSTON ELEVATED
RAILWAY COMPANY.

Middlesex.   March 22, 1910. — March 23, 1910.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Negligence,* Street railway, Due care of plaintiff.

At the trial of an action against a street railway company to recover for personal
injuries received in a collision between a car of the defendant and a wagon in which
the plaintiff was driving, there was evidence tending to show that just previous to
the collision the plaintiff was driving on the right hand side of a street in the middle
of which were tracks of the defendant, that just in front of him was a milk wagon
going but a little faster than a walk, that there was not sufficient room for him
to get by the milk wagon on the same side of the track without coming within
the range of a car that might pass, that, desiring to pass the milk wagon, he
looked around and saw a car of the defendant approaching "quite a distance
away so that . . . he thought that he would have ample time to get by before
they [the car] could come on to him," that he thereupon tried to drive by the
milk wagon, but just as he was getting by and out of danger the left hind wheel
of his wagon was struck by the car and he was injured.   The motorman of the
car, testifying for the defendant, stated that at the time when the plaintiff looked
back the car was going about eight miles an hour.   *Held,* that there was evidence
tending to show that the plaintiff exercised a reasonable judgment as to how
far distant the car was before he attempted to pass the milk wagon, and that
the questions, whether he was in the exercise of due care and whether the motor-
man was negligent, were for the jury.

TORT for personal injuries received by the plaintiff's intestate
and caused by a wagon which he was driving being run into from
behind by a car of the defendant.   Writ dated September 9,
1907.

The case was tried before *Hitchcock,* J.   The facts are stated
in the opinion.   At the close of the evidence the presiding judge
ordered a verdict for the defendant; and the plaintiff alleged
exceptions.

*J. H. Vahey,* (*T. F. Vahey & P. Mansfield* with him,) for the
plaintiff.

*F. W. Fosdick,* for the defendant.

RUGG, J.   This is an action of tort to recover damages for
personal injuries.   There was evidence tending to show that the
plaintiff's intestate, driving an ordinary democrat wagon on the
right hand side of a public way in which were tracks of the de-
fendant, came upon a covered milk wagon going in the same

direction.   There was room enough for him to pass the milk wagon without driving upon the tracks of the defendant, but not without getting so near as to come within the range of a passing car.   Before starting to pass the milk wagon, which was going at little more than a walk, he looked and saw a car coming in the same direction " quite a distance away so that . . . he thought that he would have ample time to get by before they [the car] could come on to him."   He then tried to drive by, but just as he was getting past it and out of danger the car struck his near rear wheel and he was injured.

The relative rights of travellers by street cars and horse drawn vehicles upon public ways have been often stated.   A street railway gains no exclusive or paramount right to use that portion of the highway included within its location.   It has a certain important preferential right by reason of the fact that its cars can go only upon its rails and because it is designed thus to provide for the public a means of rapid transit.   But other travellers can use that part of the street as freely as any other, subject only to the limitation that they do not unreasonably interfere with the street railway cars and that they exercise ordinary prudence to avoid collision with them.   Those in charge of street cars are bound to drive them with a view to these well established principles and to be reasonably careful to avoid running into other travellers upon the highway.   Each kind of traveller owes a reciprocal duty to the other, and within reasonable limits may trust somewhat to the expectation that the other will perform such duty.   It has been pointed out that circumstances may exist where it cannot be pronounced negligent as matter of law so to drive upon a street railway track as to require an oncoming car to abate something of its speed.   *Jeddrey* v. *Boston & Northern Street Railway,* 198 Mass. 232.

The evidence in the present case would support a finding that the plaintiff's intestate looked before driving where it was possible for a car to hit him, exercised a reasonable judgment as to how far away the car was, and had almost reached the place in front of the milk wagon where he would have been outside the overhang of the car.   The testimony of the motorman was that the speed of the car was eight miles an hour at the time the plaintiff's intestate said he looked, and it is undisputed that the

near hind wheel of his wagon was struck, circumstances which bore materially upon the correctness of the opinion formed by him as to the likelihood of his passing without danger. The cases upon which the defendant relies, of which *Holian* v. *Boston Elevated Railway,* 194 Mass. 74, is an example, are distinguishable in that the questions there presented related to pedestrians attempting to cross tracks substantially at right angles in front of a car, generally under quite different conditions as to distance and speed of the car, their own rate of progress and the ease of avoiding and facility of escaping danger. The due care of the plaintiff's intestate was for the jury. *Creavin* v. *Newton Street Railway,* 176 Mass. 529. *Coleman* v. *Lowell, Lawrence & Haverhill Street Railway,* 181 Mass. 571. *Callahan* v. *Boston Elevated Railway, ante,* 422, and cases cited. *Hatch* v. *Boston & Northern Street Railway, ante,* 410.

The negligence of the defendant's motorman also should have been left to the jury. It cannot be said as matter of law that his testimony, taken in conjunction with the statement of the plaintiff's intestate, would not support a finding that he negligently failed to appreciate how near his running board was to the wheel of the wagon and that a little more circumspection on his part would have averted an accident. *Wright* v. *Boston & Northern Street Railway,* 203 Mass. 569.

*Exceptions sustained.*