WILLIAM L. SELLON *vs.* BOSTON ELEVATED RAILWAY
COMPANY.

Suffolk.    March 10, 1911. — April 4, 1911.

Present: KNOWLTON, C. J., HAMMOND, BRALEY, SHELDON, & RUGG, JJ.

*Negligence,* In use of highway.    *Street Railway.*

If a traveller on a highway, who is driving one horse in a light express wagon,
turns at a right angle to cross the parallel tracks of a street railway, when he sees
on the farther track a car five hundred feet away stop to let off a passenger and
then start toward him, and proceeds to walk his horse across the tracks, observ-
ing when he is on the first track that the car is from three hundred to three
hundred and fifty feet away and has increased its speed considerably, and, when
he himself is between the two tracks and has increased its speed considerably, and, when
hundred feet away, and if the car is going at a high rate of speed which does not
diminish until the car strikes one of the hind wheels of the wagon, and then the
car runs one hundred feet farther without stopping, these facts, if shown in evi-
dence in an action by the traveller against the corporation operating the street
railway, entitle the plaintiff to go to the jury on the questions whether he was
in the exercise of due care and whether the motorman was negligent.

Where a traveller on a highway, who is driving a horse in a light wagon, attempts
to cross the parallel tracks of a street railway, on the second of which a car is
approaching rapidly although some distance away, and where for a long dis-
tance the street is straight, the view is unobstructed and there are no di-
verting or confusing surroundings to prevent the motorman from seeing him
and retarding the car sufficiently to avoid a collision, it cannot be said that
such traveller as matter of law fails to exercise due care because he miscalcu-
lates the time required for passing safely in front of the car and one of the hind
wheels of his wagon is struck by the car.

TORT for personal injuries sustained in falling from a wagon
in which the plaintiff was driving, when one of its hind wheels
was struck by a car of the defendant on Blue Hill Avenue in
Boston on December 18, 1906, at about twenty minutes after
four o'clock in the afternoon.    Writ dated August 21, 1907.

In the Superior Court the case was tried before *Dana,* J.
The facts which could have been found on the conflicting evi-
dence are stated in the opinion.

At the close of the evidence, the defendant asked the judge
to rule as follows:

1. Upon all the evidence, your verdict must be for the
defendant.

2. The evidence does not warrant a finding that the plaintiff was in the exercise of due care.

3. The evidence does not warrant a finding that the defendant was negligent.

4. As the plaintiff was driving along the left hand roadway of Blue Hill Avenue instead of the right hand roadway, he cannot recover.

The judge refused to make any of these rulings, and submitted the case to the jury, who returned a verdict for the plaintiff in the sum of $7,500, which on the defendant's motion for a new trial on the ground of excessive damages was reduced to $6,000. The defendant alleged exceptions.

*A. A. Ballantine,* for the defendant.

*W. M. Hurd,* (*H. Siskind* with him,) for the plaintiff.

Rugg, J. This is an action of tort brought by a traveller upon a public way to recover compensation for personal injuries received by reason of a collision with a car of the defendant.

There was evidence to the effect that there were double tracks of the defendant in the middle of Blue Hill Avenue, in a reserved space covered with grass and for the most part separated from the wagon way on each side by curbing, except that there was a paved space across the tracks opposite Norfolk Street, a street diverging toward the east. The plaintiff drove in a light express wagon with one horse into the avenue from the west, and proceeded northerly on its left side to the paved space, when he turned to cross into Norfolk Street. He then saw a car on the easterly track, five hundred feet northerly from him, stop, to let a passenger alight, and start toward him, while he walked his horse across the tracks. When the horse was on the tracks he observed that the car was from three hundred to three hundred and fifty feet away and " had increased its speed considerably," and when his own person was between the two tracks and " the horse was over" the car was two hundred feet away, and that was the last he remembered. The car was going at a high rate of speed, which did not diminish until it struck a rear wheel of the plaintiff's wagon and it then ran one hundred feet before stopping.

There was much evidence tending to controvert this narration, and to show that the accident happened in a wholly different place

and way.   Its weight upon the printed record appears to show that causes entirely disconnected from neglect of the defendant produced the injury.   But these considerations were for the jury, and for the trial judge upon the motion for a new trial.   The verdict for the plaintiff cannot be set aside unless upon the view of the evidence most favorable to the plaintiff it can be said as matter of law that there was no proof of the due care of plaintiff or of the negligence of the defendant's motorman.

The principles of law which govern the relative rights and obligations of drivers of vehicles and those in charge of trolley cars, travelling upon a highway, are that neither has an exclusive right of way upon any part of the street, and that each may within reasonable limits rely on due regard for his safety by the other, subject only to the limitation that there shall be no unreasonable interference with the progress of the trolley car, which from the nature of things can progress only upon its rails.   The defendant argues that while the vocal testimony of the plaintiff may show due care on his part, yet the evidence springing from his actions and the undisputed circumstances demonstrates that he failed to take any heed for his safety, and that the only reasonable inference is that he drove slowly upon the tracks in face of a rapidly on-coming car, so near at hand as to stamp as reckless an attempt to pass in front of it, that, if he looked at all, he was negligent in not perceiving the danger, and that the case is governed by *Fitzgerald* v. *Boston Elevated Railway*, 194 Mass. 242, and *Willis* v. *Boston & Northern Street Railway*, 202 Mass. 463.

There is much force in this contention, and the case is close. But in the light of all the attendant conditions, it does not quite appear to be impossible to reach any other rational conclusion than that the plaintiff was careless.   The street was straight for a long distance, the view was unobstructed, and there were no diverting or confusing surroundings.   The wagon had almost reached a place of safety, and the speed of the car may have been found to have been such that a slight slowing would have averted a collision.   A miscalculation of the time required for passing safely in front of the car under these circumstances does not necessarily as matter of law constitute want of due care. *Wood* v. *Boston Elevated Railway*, 188 Mass. 161.   *Jeddrey* v.

*Boston & Northern Street Railway*, 198 Mass. 232. *Fallon* v. *Boston Elevated Railway*, 201 Mass. 179. *Hatch* v. *Boston & Northern Street Railway*, 205 Mass. 410. *Carroll* v. *Boston Elevated Railway*, 205 Mass. 429. *Eustis* v. *Boston Elevated Railway*, 206 Mass. 141.

*Exceptions overruled.*