JAMES F. MORRISSEY, administrator, *vs.* BOSTON ELEVATED
RAILWAY COMPANY.

Suffolk.    November 14, 1911. — January 2, 1912.

Present: RUGG, C. J., HAMMOND, SHELDON, & DeCOURCY, JJ.

*Negligence,* Street railway.

In an action against a street railway corporation for personal injuries from being run into by a car of the defendant when the plaintiff was driving a pair of horses attached to a covered express wagon, there was evidence on which it could have been found that the plaintiff was driving on a city street with the right hand wheels of his wagon close to the curbstone on the right hand side of the street, where the nearest rail of the defendant's tracks was twelve feet distant from the curbstone, and that he was approaching an intersecting street at the corner of which a curved track of the defendant came within three feet of the curbstone, that on the track by the side of which the plaintiff was driving the defendant's cars were running as often as once a minute, more than one half of them proceeding straight ahead in the direction in which the plaintiff was going, and the others turning by a switch around the curve into the intersecting street, that a short distance behind the plaintiff a car was approaching on the straight track, that the motorman was driving it slowly on account of the congested traffic, that the plaintiff's wagon was in plain sight and apparently about to cross the intersecting street, when the defendant's motorman, without ringing any warning gong, entered upon the curved track which crossed the plaintiff's path and ran the car into the wagon behind its forward left wheel, causing the injuries sued for. There was no direct evidence that the plaintiff listened and no evidence that he looked backward before driving upon the curved track, but according to some of the evidence, even if he had looked backward when the horses reached the curved track, he then would have seen the car upon the straight track and apparently proceeding to cross the intersecting street instead of turning the corner. *Held,* that there was evidence for the jury of due care on the part of the plaintiff and of negligence on the part of the defendant.

DeCOURCY, J.    This action was brought by William E.
Morrissey to recover for personal injuries; and he is hereinafter
referred to as the plaintiff although the action is now being
prosecuted by his administrator.    The collision complained of
occurred between six and seven o'clock, in the evening of
January 31, 1908, at the corner of Dorchester Avenue and
West Fourth Street in South Boston.    The defendant com-
pany maintained double tracks on both streets.    At the time of
the accident cars were running southerly on Dorchester Avenue

as often as once a minute, more than one half of them proceeding straight down the avenue and the others turning into West Fourth Street by means of a switch and curved track. On the avenue the nearest westerly rail was twelve feet from the curbstone, and the curved rail, in turning the corner into West Fourth Street, approached to within three feet of the curb.

The plaintiff was driving a two horse, covered express wagon and was going southerly along Dorchester Avenue, with his right hand wheels close to the curb of the westerly sidewalk, when the collision occurred.

The trial judge * directed a verdict for the defendant. The question before us is whether, upon the view of the testimony most favorable to the plaintiff, there was evidence of his due care and of the motorman's negligence proper for the consideration of the jury. *Sellon* v. *Boston Elevated Railway,* 208 Mass. 507.

There was evidence on which the jury would have been warranted in finding that the motorman was driving his car slowly on account of the congested traffic; that the plaintiff's team was proceeding in the same direction, a short distance ahead of the car and in plain sight, and apparently about to cross West Fourth Street; and that the motorman, without ringing any warning gong, entered upon the curved track which crossed the plaintiff's path and ran the car into the wagon behind the forward left wheel. This made the question of the defendant's negligence one of fact for the jury, notwithstanding that the witnesses called by it testified that the wagon ran into the car.

Although the case is closer on the issue of the plaintiff's due care, this question also was for the jury on the testimony of his witnesses. Upon their story we have virtually a rear end collision, with no warning signal of the car's approach. *Kerr* v. *Boston Elevated Railway,* 188 Mass. 434. *Callahan* v. *Boston Elevated Railway,* 205 Mass. 422. There is no direct evidence that the plaintiff listened, but he might well assume that the motorman would sound the gong before changing the course of the car and attempting to cross the path of the team. And if any duty to look devolved upon the plaintiff

---

* *Morton,* J.

under the circumstances, the jury might consider that his look should be forward toward the intersecting street which he was approaching. According to some of the evidence, even if he had looked backward when the horses reached the curved track, he would have seen the car on the straight track and apparently proceeding as if to cross West Fourth Street. And on the plaintiff's version of the accident the collision would not have occurred if the car had remained on the straight track.

*Exceptions sustained.*

*A. T. Smith*, for the plaintiff.

*E. P. Saltonstall*, for the defendant.