LINUS W. HALL *vs.* BAY STATE STREET RAILWAY COMPANY.

Plymouth.    January 15, 1914. — May 25, 1914.

Present: RUGG, C. J., LORING, BRALEY, SHELDON, & CROSBY, JJ.

*Negligence,* Street railway.

At the trial of an action against a street railway company by the driver of a swill cart to recover for personal injuries caused by the cart being run into from behind by a street car of the defendant, there was evidence tending to show that the plaintiff was passing another vehicle standing next to the curb in such a position that in passing it the plaintiff's left front wheel came upon the defendant's track, that, before turning to pass the other vehicle, the plaintiff looked over his shoulder and saw no car for a distance of seventy-five or eighty feet, and listened, that no warning whistle was blown nor gong nor bell sounded, and that the car, approaching at the rate of twenty miles an hour, struck the left front wheel of the plaintiff's cart and threw him to the ground. *Held,* that the question of the plaintiff's due care was for the jury.

TORT for personal injuries received by reason of a swill cart which the plaintiff was driving being run into from behind by a street car of the defendant. Writ dated January 10, 1911.

In the Superior Court the case was tried before *Hall,* J. The material facts which the evidence tended to show are stated in the opinion. The jury found for the plaintiff in the sum of $900; and the defendant alleged exceptions.

*Asa P. French,* for the defendant.

*J. J. Geogan,* for the plaintiff, was not called upon.

LORING, J. The only question in this case is whether the jury were authorized in finding that the plaintiff was in the exercise of due care.

The circumstances of this case were or could have been found to have been as follows: The plaintiff was driving a swill cart along a street in the city of Brockton in which there was a single track location of the defendant company. He was seated on the top of the swill box, with no canopy or covering to obstruct his view. As he drove along on the right hand side of the track, he came to a push cart standing next to the curb. He turned out to go by the push cart, and when "opposite the push cart" the car of the defendant, coming up from behind, struck the hub of the nigh forward wheel and threw him off the cart. The distance from the nearest rail of the car track to the curb of the sidewalk was fourteen feet "and some inches." The push cart was five feet wide, and the plaintiff's cart measured six feet and seven inches from hub to hub. If two feet be allowed for the overhang of the car, there was but six inches clearance between the push cart and the plaintiff's wagon and six inches more between the plaintiff's wagon and the defendant's car. That is to say, when the plaintiff pulled in toward the track to go around the push cart, for practical purposes he was driving in front of the car, and the rule laid down in *Sullivan* v. *Boston Elevated Railway,* 185 Mass. 602, where the plaintiff pulled in to go by one of the posts of the elevated structure, applies, namely: "So far as a car coming up behind him was concerned, Sullivan was bound to look and see that he had an opportunity to get upon the track. When on the track he had a right to drive by the post, and it was not his duty to turn off the track until he was by the post and became aware of the approach of the car from behind. See in this connection

*Vincent* v. *Norton & Taunton Street Railway*, 180 Mass. 104; *Le Blanc* v. *Lowell, Lawrence & Haverhill Street Railway*, 170 Mass. 564. See also *Robbins* v. *Springfield Street Railway*, 165 Mass. 30. It was for the jury to decide whether Sullivan turned in upon the track when the car was so near to him that a collision could not be avoided by the exercise of due care on the part of the defendant, or whether he had an opportunity to turn in, succeeded in turning in, and then was run down through the negligence of the defendant."

In the case at bar the jury were warranted in finding that the car came at the rate of twenty miles an hour, and that the plaintiff before he pulled in to go by the push cart looked over his shoulder for a distance of seventy-five or eighty feet and saw no car; also that he listened and no whistle was blown or gong sounded or bell rung.

We are of opinion that the jury were warranted in finding that the plaintiff was in the exercise of due care. For cases somewhat like the case at bar, see *Wood* v. *Boston Elevated Railway,* 188 Mass. 161; *James* v. *Interstate Consolidated Street Railway*, 193 Mass. 264; *Carroll* v. *Boston Elevated Railway*, 205 Mass. 429; *Donovan* v. *Connecticut Valley Street Railway*, 213 Mass. 99.

The entry must be

*Exceptions overruled.*