JOHN H. O'BRIEN *vs.* BOSTON ELEVATED RAILWAY
COMPANY.

MARGARET HIGGINS *vs.* SAME.

Middlesex.    December 14, 1923. — January 3, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Negligence,* In use of highway, Contributory, Imputed.

At the trial together of two actions of tort against a street railway company for personal injuries, the first by the owner and driver of an automobile and the second by a guest in the automobile, there was evidence tending to show the following facts: The automobile had a left hand drive.   It was driven past a street car of the defendant which was standing still, proceeded down the course to be taken by the street car to a point near a corner where there was a white pole indicating a stopping place for the street car and where at least one person was waiting to become a passenger.   The driver there stopped to permit his guest to alight and take the street car.   The street was so covered with snow and ice slanting back from the street car tracks to a considerable depth that the only practicable place to drive in whole or in part was the space covered by the tracks, and, when stopped, the automobile was on the tracks.   About one hundred feet before stopping, the driver of the automobile put out his left hand as a signal and, looking back, saw the defendant's street car about four hundred and fifty feet behind.   It was eleven o'clock at night, but the stopping place was well lighted and there was no other traffic in the vicinity.   The guest did not look back toward the street car, trusting to the driver, who was skilful, and, having observed the people waiting at the stopping place of the car, relied upon the motorman to stop the car there.   The door of the automobile stuck and the guest thereby was delayed in alighting.   As the guest was alighting, the street car struck the automobile, threw the guest to the ground and pushed the automobile along the street.   *Held,* that

    (1) It was a question for the jury whether the driver of the automobile was in the exercise of due care;

    (2) It was a question for the jury whether the guest in the automobile was precluded from recovery by negligence of the driver or by his own negligence;

    (3) It not being contended that the motorman was not negligent, verdicts for the plaintiffs were warranted.

Two ACTIONS OF TORT, the first for personal injuries and damage to automobile, and the second for personal injuries which resulted when the automobile was struck by a street car of the defendant approaching from the rear.   Writs dated, respectively, April 3, 1922, and January 18, 1923.

In the Superior Court, the actions were tried together before *Macleod*, J. At the close of the evidence, the defendant moved that verdicts be ordered in its favor. The motions were denied. The jury found for the plaintiff in the first action in the sum·of $250 and for the plaintiff in the second action in the sum of $1,900. The defendant alleged exceptions.

*F. J. Carney*, (*J. A. Canavan* with him,) for the defendant.

*J. J. Cummings*, for the plaintiffs.

RUGG, C.J. These are actions of tort to recover compensation for personal injuries alleged to have been caused by the negligence of a motorman in charge of a trolley car of the defendant. Uncontroverted facts were that an automobile with left hand drive, driven by the plaintiff O'Brien, with whom the plaintiff Higgins was riding as a guest, passed the stationary trolley car in Davis Square, Somerville, proceeded down Elm Street, and at some point came partly upon the track in front of the following trolley car; that the automobile was brought to a stop on the track near the corner of Elm and Russell Streets and near a white pole, where at least one person was waiting to become a passenger on the trolley car; that, as the plaintiff Higgins was alighting, the trolley car struck the rear of the automobile and she was thrown to the ground and the automobile was pushed along the street. All this occurred at about eleven o'clock on a Sunday evening in February. The place was well lighted and there was no other traffic in the vicinity. There was evidence tending to show in its aspect most favorable to the plaintiffs that O'Brien, about a hundred feet before stopping his automobile, put out his left hand as a signal, and that at that time, looking back, he saw the trolley car at Chester Street, which was about four hundred fifty feet behind him, and that he did not look back again and could not tell where the trolley car was when he stopped his automobile. O'Brien drove by one white post after passing the trolley car in Davis Square and drove on to the second white post, intending to stop there in order that Miss Higgins might leave the automobile and take the trolley car. After the automobile stopped, the

door stuck and Miss Higgins was delayed thereby in alight-ing. It was impossible to drive the automobile to the right of the car tracks because that part of the street was covered with slanting snow and ice to a considerable depth and the only practicable place to drive was in whole or in part on the space covered by the tracks. The plaintiff Higgins testified that she did not look back for the trolley car; that she knew that O'Brien was a skilful driver and trusted him, and that she observed people waiting at the white pole to board the car and relied upon the motorman stopping the trolley car for them.

The governing principles of law are thoroughly settled and need not be repeated. It has not been argued that there was not evidence of the negligence of the motorman. The facts and evidence already summarized show that it could not rightly have been ruled as matter of law that either plaintiff was not in the exercise of due care. That was a question of fact to be decided by the jury under appropriate instructions. The cases fall within the author-ity of the decisions as to rear end collisions illustrated by *Jeddrey* v. *Boston & Northern Street Railway*, 198 Mass. 232, and cases there collected, *Callahan* v. *Boston Elevated Rail-way*, 205 Mass. 422, and cases there cited, *Carroll* v. *Boston Elevated Railway*, 205 Mass. 429, *Chaput* v. *Haverhill, George-town & Danvers Street Railway*, 194 Mass. 218, *Williamson* v. *Old Colony Street Railway*, 191 Mass. 144, *Bombard* v. *Worces-ter Consolidated Street Railway*, 234 Mass. 1, *Morrissey* v. *Boston Elevated Railway*, 210 Mass. 424, *Herman* v. *Middlesex & Boston Street Railway*, 235 Mass. 179, *Reardon* v. *Boston Elevated Railway*, 242 Mass. 383. The plaintiff Higgins was entitled to go to the jury on the principle of *Shultz* v. *Old Colony Street Railway*, 193 Mass. 315.

The evidence distinguishes the cases at bar from de-cisions like *Lawrence* v. *Fitchburg & Leominster Street Rail-way*, 201 Mass. 489, *O'Neill* v. *Middlesex & Boston Street Railway*, 244 Mass. 510, and *Will* v. *Boston Elevated Railway*, *ante*, 250.

*Exceptions overruled.*