SAMUEL W. SHARP *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Middlesex.     January 26, 1925. — January 28, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & WAIT, JJ.

*Negligence*, Contributory, In use of highway, Street railway.

At the trial of an action for damages to an automobile of the plaintiff which was run into from the rear by a street car of the defendant, there was evidence tending to show that the plaintiff, in order to pass a slowly moving truck, turned his automobile on to surface tracks between posts supporting the elevated structure of the defendant; that before doing so he looked back a distance of fifty or sixty feet and saw no trolley car, and that he then put out his hand in token of intention to turn; and that after getting upon the rails he travelled ten or fifteen feet when the rear of the automobile was struck by a trolley car, which he had passed some distance back while it was at a standstill at a regular stopping place. *Held*, that
    (1) The circumstances did not compel the conclusion that the trolley car was in dangerous proximity when the plaintiff turned on to the tracks and that he must have been careless in not seeing it;
    (2) A finding that the plaintiff was in the exercise of due care was warranted;
    (3) A finding of negligence on the part of the motorman was warranted. Distinguishing *Glennon* v. *Boston Elevated Railway*, *ante*, 103.

TORT for damages to the plaintiff's automobile, received when it was being driven by the plaintiff on Main Street in the Charlestown district of Boston and was run into from the

rear by a street car of the defendant. Writ dated July 7, 1921.

In the Superior Court, the action was heard by *Sanderson,* J., without a jury. Material evidence is described in the opinion. At the close of the evidence, the defendant moved for a finding in its favor and also asked for the following rulings:

"1. On all the evidence the plaintiff cannot recover.

"2. On all the evidence there must be a verdict for the defendant.

"3. There is no evidence of negligence on the part of the defendant's motorman.

"4. The plaintiff was not in the exercise of due care at the time of the collision.

"5. If the plaintiff attempted to pass a vehicle ahead of him going in the same direction and in such attempt was obliged to drive on the car tracks and drove on the car tracks without giving any signal of his intent to do so he was not in the exercise of due care.

"6. If the plaintiff in attempting to pass a vehicle drove on the car tracks looking and did not see any approaching car he was not in the exercise of due care."

The trial judge denied the motion for a finding for the defendant and refused to give the rulings requested, finding that the plaintiff gave a signal and that his automobile was hit after it was driven some way ahead of the street car. There was a finding for the plaintiff in the sum of $600. The defendant alleged exceptions.

The case was submitted on briefs.

*C. S. Walkup, Jr.,* for the defendant.

*K. A. Sanderson,* for the plaintiff.

RUGG, C.J. There was testimony tending to show that the plaintiff, in order to pass a slow moving truck, turned his automobile on to surface tracks between posts supporting the elevated structure of the defendant; that before doing so he looked back a distance of fifty or sixty feet and saw no trolley car, and then put out his hand in token of intention to turn; and that after getting upon the rails he travelled ten or fifteen feet when the rear of the automobile

was struck by a trolley car, which he had passed some distance back while it was at a standstill at a regular stopping place. The plaintiff might have been found to be in the exercise of due care. *Jeddrey* v. *Boston & Northern Street Railway,* 198 Mass. 232. *Farris* v. *Boston Elevated Railway,* 210 Mass. 585. The case at bar is distinguishable from *Fitzgerald* v. *Boston Elevated Railway,* 194 Mass. 242, in that here the circumstances do not compel the conclusion that the trolley car was in dangerous proximity when the plaintiff turned upon the tracks and that he must have been careless in not seeing it.

There was testimony tending to show that the plaintiff used the usual signal to convey to other travellers on the street notice of his purpose to turn upon the track, that he was fully upon the rails with his automobile and travelled thereon some distance, and that there the trolley car struck his automobile squarely in the rear. These facts if found were enough to show negligence on the part of the defendant. *O'Brien* v. *Boston Elevated Railway,* 247 Mass. 253, and cases there collected.

A finding for the plaintiff cannot be pronounced erroneous in law on either point. *Callahan* v. *Boston Elevated Railway,* 205 Mass. 422. *Carroll* v. *Boston Elevated Railway,* 205 Mass. 429. *Eustis* v. *Boston Elevated Railway,* 206 Mass. 143. *Hall* v. *Bay State Street Railway,* 218 Mass. 119.

The case at bar on this point falls just on the other side of the line from *Glennon* v. *Boston Elevated Railway, ante,* 103, decided this day, where no signal was given to the motorman of the trolley car and where he had every reason to believe that no one would try to drive into the narrow space between the trolley car and the stationary tipcart.

*Exceptions overruled.*