MARY A. JOHNSON *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.    March 10, 1925. — May 20, 1925.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Negligence,* Contributory, Motor vehicle, Street railway, In use of highway.

At the trial of an action of tort against a street railway company for damages to an automobile, there was evidence that the automobile had been parked diagonally, head to the curb, at the side of a street on which the defendant's tracks ran; that the plaintiff's driver began backing the automobile out when a street car of the defendant was one hundred feet, or more, in its rear and at a standstill; that, as the driver backed, he looked at the street car through the rear window of the automobile and did not see it start forward; that the driver backed slowly, stopped the automobile at an angle with the track, and was getting ready to start ahead, but had not shifted gears, when the street car struck the automobile on the left rear mudguard; that the street car at that time was going at the rate of from ten to twelve miles per hour; and that the force of the collision drove the automobile five or six feet ahead, while the street car went six or seven feet after the collision. *Held,* that

(1) The question, whether the driver exercised reasonable care in backing the automobile from the curbing preparatory to starting, when and as he did, was one of fact;

(2) The evidence warranted a finding that the motorman of the defendant was negligent either in not reducing the speed of the car enough to avoid the accident or in not ascertaining that the car would hit the automobile when he undertook to pass it.

TORT for damages to the plaintiff's automobile received in a collision with a street car of the defendant. Writ dated May 18, 1922.

In the Superior Court, the action was tried before *Raymond*, J. Material evidence is described in the opinion. At the close of the evidence, the judge ordered a verdict for the defendant and reported the action to this court for determination with the stipulation that, if it was determined that there was any evidence upon which the plaintiff was entitled to go to the jury, judgment was to be entered for the plaintiff in the sum of $751.88 with interest thereon from the date of the writ; otherwise the verdict for the defendant was to stand.

*A. P. Stone*, for the plaintiff.

*L. Powers*, for the defendant.

SANDERSON, J. This is an action of tort for injuries to the plaintiff's automobile resulting from a collision between it and one of the defendant's street cars on Boylston Street in Boston. The trial judge directed a verdict for the defendant and reported the case.

The automobile, which had a wheel base in excess of one hundred and thirty inches, was being operated by the plaintiff's chauffeur, and the back seat was occupied at the time by the plaintiff and two others. Before the accident the automobile had been parked diagonally to the sidewalk with the front end toward the curb, on the right hand side of Boylston Street, inbound, about half way between Hemenway Street and Massachusetts Avenue; the front end being nearer Massachusetts Avenue. There was testimony upon which the jury could find that when the chauffeur got in to start the automobile, he saw the street car of the defendant stopped at Hemenway Street a hundred or more feet away, with some people standing near it. He started to back the automobile and watched through the rear window and at that time the car was nowhere near him. He stopped the automobile at an angle with the track and was getting ready to start ahead but had not shifted gears, when the car hit the automobile on the left rear corner. The force of the collision drove the automobile five or six feet ahead, pretty well up to the curbstone again, and the car went six or seven feet after the collision. The chauffeur did not see the car start. He first saw it in motion when the automobile

had backed out from the curbing and was at a standstill in the street and he did not know that it was in a position where the street car would hit it. There was evidence that other automobiles were "parked at that section"; that the plaintiff's automobile backed out slowly; and that the car at the time of the accident was moving at the rate of ten to twelve miles per hour. The part of the car which came in contact with the automobile was the front right a little toward the side, almost on the corner, and there was a mark along the side of the car where it had been in contact with the automobile. The defendant offered no evidence.

The plaintiff was entitled to have the case submitted to the jury. The question whether her chauffeur exercised reasonable care in backing the automobile from the curbing preparatory to starting, when and as he did, was one of fact. *Hall* v. *Bay State Street Railway*, 218 Mass. 119. *Driscoll* v. *Boston Elevated Railway*, 223 Mass. 533. *O'Brien* v. *Boston Elevated Railway*, 247 Mass. 253. *Sharp* v. *Boston Elevated Railway*, 251 Mass. 106. The fact that the chauffeur saw the car at a standstill, apparently to take on passengers, before he started the automobile backward and the further fact that he looked back as the automobile was moving, distinguish this case from *Birch* v. *Athol & Orange Street Railway*, 198 Mass. 257.

The jury might have found that the motorman was negligent either in not reducing the speed of the car enough to avoid the accident, as he saw or should have seen the automobile backing slowly from the sidewalk toward the tracks, *Bombard* v. *Worcester Consolidated Street Railway*, 234 Mass. 1, *Driscoll* v. *Boston Elevated Railway*, *supra*, *Lawrence* v. *Fitchburg & Leominster Street Railway*, 201 Mass. 489, 492, or in not ascertaining that the car would hit the automobile when he undertook to pass it, *Eldredge* v. *Boston Elevated Railway*, 203 Mass. 582, *Carroll* v. *Boston Elevated Railway*, 205 Mass. 429.

In accordance with the terms of the report, judgment is to be entered for the plaintiff for $751.88 with interest from the date of the writ.

*So ordered.*